**WM. CLARK, JR., Appellant, vs. CHARLES HUDSON**

(January 4, 1926, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1.  Louisiana  Digest—Quasi  Contracts— Par. 12; Warehouses—Par. 9.

The plaintiff cannot recover for storage on a quantum meruit a larger amount than the value of the thing on storage.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

This is a suit for the price of wood sold and delivered and for storage.

There was judgment rejecting plaintiff's demand against the defendant, and in favor of the defendant against the plaintiff. Plaintiff appealed.

Judgment against plaintiff reversed and judgment on defendant's reconventional demand amended.

E. E. Talbot, Spencer, Gidiere and Phelps of New Orleans, attorneys for plaintiff, appellant.

Jules Grasser, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This is a suit for the price of wood sold and delivered and for storage.

The plaintiff alleged that between October 17 and November 9, 1921, he sold and delivered to the defendant certain wood amounting to $145 according to itemized statement annexed which defendant refused to pay.

The statement contains the following items:

October 17:   11½ cords pine knots $ 69.00
Subject to a credit of_____   8.50

                                    $ 60.50
Nov. 9th:   13 cords pine wood at
  $6.50  _____   84.50

                                    $145.00

Defendant filed a general denial and averred: That plaintiff called on him and stated that he had a carload of pine knots at the railroad yard; that demurrage was due on same; that defendant, at the request of the plaintiff, hauled the knots for account of plaintiff to a yard he owned, where the same remained piled for more than eighteen months; that defendant vacated the yard where the knots were piled, and a Mr. Lindsley took possession of the same; that Lindsley notified the plaintiff to move the knots; that the knots remained stored for account of plaintiff in the yard during the ownership of Lindsley; that defendant never purchased the pine knots and never accepted the same; that at a later date defendant purchased from the plaintiff a load of wood for $84.50; that there was due to defendant five dollars per month as storage on the pine knots for eighteen months or $90, and the further sum of $12 for twelve loads of pine knots, hauled from the railroad, making $102 in all, thus leaving a balance of $18 in favor of defendant.

Defendant prayed for dismissal of plaintiff's suit and for judgment in his favor for $18.

The three questions therefore are:   1st did defendant purchase the eleven and a half cords of pine knots; and if he did not, does plaintiff owe him $12 for hauling them to defendant's lot, and $90 for storage of the same.

There was judgment rejecting plaintiff's demand against the defendant, and in favor of the defendant against the plaintiff for eighteen dollars.

Plaintiff has appealed.

The burden of proof was upon the plaintiff to establish that he had sold the pine knots to the defendant.

He says he did.    But defendant denies it.    He is corroborated by David Dieg, a disinterested witness who hauled the knots for Hudson and who says that he was present at a discussion between Hudson and Clark about the hauling of some pine wood. He testifies:

"This man, Mr. Clark, had two carloads of pine knots at the Northeastern Railroad, the demurrage was eating it and increasing every day.    I told Mr. Hudson he could not do anything with the pine knots and Mr. Hudson told Mr. Clark that he did not want to buy them; so Mr. Clark came back and said, well, you have plenty of room here, I will pay for the hauling

and storing and Hudson asked me if I could haul them."

Joseph Liquor who bought the Hudson lots, said he notified Clark to remove the knots; Clark asked him if he would not buy them, he offered them to him for $20; Clark did not tell him that the knots belonged to Hudson. Liquor gave some of the knots away, and people stole some, there are about three cords left.

There are eight letters in the record addressed by the plaintiff to the defendant, which remind the defendant of his indebtedness to the plaintiff on account of "wood". But as plaintiff claims on two counts: one for pine knots and one for wood; it is not clear to what count plaintiff referred. Besides, defendant swears that he is outside of the letter-carrier's limits and that he never received any of those letters and therefore did not answer them.

We think the preponderance of the evidence is in favor of defendant, and that plaintiff has failed to prove that he sold the knots to defendant.

2nd   We are also of the opinion that the plaintiff owes the defendant $12 for hauling the knots.

3rd   We are also of the opinion that the defendant is entitled to a reasonable amount for storage of the knots. The defendant claims 18 months at $5 per month or $90. But we do not think that the defendant can claim a larger amount for storage than the value of the knots themselves. The amount claimed as their value is $60.50, which together with $12, makes $72.50. The defendant admits owing $84.50 for the wood. This leaves him indebted to plaintiff for $12.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment in favor of plaintiff William L. Clark, Jr., condemning the defendant Charles Hudson to pay him Eighty-four 50/100 dollars with five per cent per annum interest from November 9, 1921, until paid.

It is further ordered that there be judgment in favor of the defendant Charles Hudson condemning the plaintiff William L. Clark, Jr., to pay him Seventy-two 50/100 Dollars with five per cent per annum interest from November 9, 1921, till paid.

It is further ordered that the defendant Charles Hudson pay all the costs of both courts.

Judgment reversed.