Plaintiff operates an automobile parking garage at No. 922 Conti Street in New Orleans. Defendant, a partnership, operates a furniture store a few city squares away from plaintiff's establishment. Plaintiff sues defendant for $110, alleging that that amount is due for the parking of one of defendant's trucks for eleven months at $10 per month. Defendant denies any indebtedness. From a judgment for plaintiff, as prayed for, defendant appeals.
At the beginning of the trial in the First City Court of New Orleans, defendant called upon plaintiff to declare whether "he is suing on a contract or a quasi-contract," and counsel for defendant answered that the suit is "on a quantum meruit basis."
In 1938 plaintiff and defendant entered into a verbal arrangement under which defendant was given the right to park three trucks in the establishment of plaintiff at a flat rate of $19 per month.
In 1939, one of these trucks became completely unusable, and it was placed in the lot belonging to plaintiff adjoining the enclosed garage, but the other trucks, with one or more automobiles, continued to use the regular parking facilities of the plaintiff. The old truck remained in the lot, not under cover or otherwise protected. Defendant was well aware of this.
In July, 1947, there seems to have been some disagreement between the parties, and defendant took out of plaintiff's parking establishment all of the vehicles except the one dilapidated truck which was in the lot. All bills had been paid up to that time.
Some time thereafter plaintiff sent to defendant a bill for $10 for one month's storage of the old truck. Miss Wallace, one of defendant's employees, telephoned plaintiff concerning this bill and there is a disagreement as to the purpose and as to the outcome of this conversation. Miss *Page 669 
Wallace says that she told Tamburello that the old truck was worthless and that he should dispose of it "to some junk man or second-hand dealer", and she says that Tamburello said "that he would do it." She says that it was understood that Tamburello would "dispose of it any way he could, whether he could get money or not."
Tamburello, however, gives a different version. He remembers the conversation with Miss Wallace, but says that he told Miss Wallace that he could not dispose of the truck — "that it wasn't my property * * * that it was so silly to say that because I didn't own it." At any rate, Tamburello continued to send monthly bills to defendant at the rate of $10 per month and defendant continued to ignore these bills until this suit was filed.
We agree with the trial judge that Tamburello's testimony concerning the situation seems to be the correct one.
Surely it was not his duty, nor was it his right to dispose of the old truck of defendant and if he had agreed to do so, we think it certain that defendant would have vehemently protested when Tamburello continued to send monthly bills. It was the duty of defendant to dispose of its old truck, or at least to remove it from Tamburello's place of business if defendant did not desire to dispose of it.
We have no hesitation in reaching the conclusion that defendant is indebted to plaintiff for a reasonable storage charge during that period of eleven months.
We are somewhat concerned, however, with the size of the charge. Plaintiff testifies that storage rates have increased considerably since 1935, when the arrangement was first made, but we find it difficult to believe that $10 per month is the proper charge for the "dead storage" of a dilapidated automobile which apparently has been completely worthless for some time. At the same time, we are impressed with the fact that defendant could have put an end to this arrangement at any time during the eleven month period by merely removing the truck, and it seems to us that when defendant continued to receive these bills for eleven months at $10 per month, and yet allowed the truck to remain, occupying space in plaintiff's lot, defendant tacitly agreed to the rate which was being charged.
Counsel for defendant calls our attention to the case of Clark v. Hudson, 3 La. App. 254, and says that it is authority for the view that "the plaintiff can not recover for storage on a quantum meruit basis a larger amount than the value of the thing on storage." (Syllabus)
That rule has no application here. While it is true that the charge is made on a quantum meruit basis, the basis has been established by the acquiescence of defendant. Furthermore, we doubt the applicability of that rule to a situation such as this because while the article stored may have had little or no value, the space occupied was just as valuable to plaintiff as it would have been had it been used by a valuable automobile. At any rate, we think that, under all the circumstances, the amount charged is correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.