38 So.2d 381

REICH v. GRIEFF.

No. 35999.

Jan. 10, 1949.

George Sladovich, Jr., of New Orleans, for plaintiff-appellant.

Signey G. Roos, of New Orleans, for defendant-appellee.

HAMITER, Justice.

This appeal presents for our consideration the claim of a divorced wife for benefits under the provisions of Revised Civil Code, Article 160.

On October 16, 1939, the husband, Ralph A. Reich, instituted suit against his wife, Edna Grieff Reich, praying for a judgment of divorce. In the petition he alleged that they were married in St. Bernard Parish on June 25, 1937, and that continuously from such date they had been living separate and apart.

The wife, in her answer, generally denied the allegations of the petition. In reconvention, she averred that plaintiff abandoned her, without any cause whatever and without any fault on her part, and that she is entitled to monthly alimony from him in a sum to be fixed by the court. She prayed for a dismissal of the suit and, further, that plaintiff be condemned to pay her monthly alimony.

On a rule, issued in connection with defendant's prayer and heard on December 5, 1939, the court ordered plaintiff to pay alimony pendente lite at the rate of twenty-five cents per week.

Trial of the merits occurred on June 5, 1940, after which (on July 16, 1940) the court rendered judgment decreeing a divorce between the parties and condemning the plaintiff to pay to defendant the sum of $5 per week beginning January 30, 1940. From the judgment plaintiff appealed.

The transcript of appeal was filed in this court on October 7, 1940, and the cause then placed on our ordinary or regular docket. But neither of the litigants sought to have it advanced to the preference docket for a hearing (as each had the right to do) until October 27, 1947, when defendant's counsel filed a motion, and obtained an order, to that effect.

Meanwhile, on July 16, 1946, pursuant to a joint motion of counsel, this court ordered "that the appeal in this cause be considered as an appeal only from that portion of the judgment granting alimony in favor of the defendant, and that, accordingly, the appeal, insofar as it may have been deemed to be taken from that portion of the judgment of the lower court granting a divorce between the parties, be dismissed in this court, and that portion of the judgment of the lower court granting a divorce be affirmed, at plaintiff's costs."

Article 160 of the Revised Civil Code, as amended, under which appellee is claiming benefits, recites:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this state a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.

"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage. * * *"

Since no obligation of support arises from a dissolved marriage the benefits thus authorized are in the nature of a pension accorded by law to the divorced wife under certain conditions. It is fixed in the discretion of the court at an amount not to exceed one-third of the husband's income. Player v. Player, 162 La. 229, 110 So. 332; Fortier v. Gelpi, 195 La. 449, 197 So. 138; Matheny v. Matheny, 205 La. 869, 18 So.2d 324. For the wife to be eligible for the benefits, as the codal article states, it must appear (1) that she has not sufficient means for her maintenance and (2) that either she has obtained the divorce (which implies her freedom from fault) or if the husband has secured the divorce upon the ground of living separate and apart that she has not been at fault.

At the time of the granting of the divorce in the present case the husband, according to the record, was earning approximately $60 per month. From his earnings the wife was awarded $5 per week. This amount is not in excess of the maximum of one-third authorized to be awarded, and we are unable to conclude that in fixing it the trial judge abused the discretion with which he is vested. See Gerstner v. Stringer, 205 La. 791, 18 So. 2d. 195.

As to whether the defendant was without sufficient means for her maintenance, she testified that she was dependent entirely upon her mother and father and that she had no income other than what she received from them. This testimony is in no manner contradicted.

A more serious question is presented by the requirement that the divorced wife, to be eligible for the benefits, be not at fault in the marriage's dissolution, the divorce herein having been obtained by the husband on the ground of living separate and apart. The only evidence in the record that seems to relate to this important issue is a letter purportedly written by plaintiff to defendant which we quote verbatim as follows:

"July 3, 1937
"New Orleans, La.,

"Edna

"I am leaving to-nite to go way I dont know. I found out I couldn't make a go of being married.

"Sorry I cause you so much trouble but it a good thing it happen soon.

"Your life, if I had stayed would have been hell so I am taken the best way out.

"I don't know where I going. Am returning the ring. I could not make a loan so I couldn't stay.

"Good luck and goodbye.

"(Sgd.) Ralph.

"P. S. I didn't have enough money to pay the judge."

But this letter does not disclose with certainty freedom from fault on the part of the divorced wife; at the most it is merely suggestive of such a conclusion. Also, no testimony was adduced identifying it as actually having been written by the husband. Furthermore, there is nothing to show that such letter was even offered in evidence at the trial of the instant claim which occurred June 5, 1940; it is marked "Filed 12-5-39", the date of the hearing on the rule for alimony pendente lite, at which the matter of the wife's freedom from fault was of no importance.

In this connection it is noticed that during the trial of the instant claim plaintiff's counsel asked the divorced wife: "After your marriage how long did you live together?" On an objection from her counsel, the court ruled: "That has no bearing on this rule for alimony." Again, plaintiff's father testified: " * * * they never lived together five minutes"; but the court ordered: "Strike all of that out

of the record." In so ruling error, in our opinion, was committed. Evidence disclosing the circumstances respecting the marital relationship of the parties hereto is relevant, we think, in determining the issue of whether the wife was at fault, particularly since plaintiff has charged in his petition that their living separate and apart had been continuous from the date of the marriage.

◼ Because of those rulings, of the uncertainty attending the above quoted letter, and of the unsatisfactory condition of the record generally, we are presently unable to pronounce definitely on this cause and have concluded to remand it for further proceedings. Authority for this procedure is found in Code of Practice Article 906, reading:

"But if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

On the remand the district court shall hear and receive any competent evidence offered by either litigant relating to the issue of the wife's alleged freedom from fault, including that tending to disclose the circumstances surrounding the marital relationship of the parties and their separation. After the hearing if the court concludes from all of the evidence in the case that the wife was free from fault in the dissolution of the marriage it shall reinstate the judgment rendered and signed by it on July 16, 1940; if otherwise it shall reject defendant's demands. And from the court's decree the right of further appeal is reserved to the litigant adversely affected.

◼ For the reasons assigned that portion of the judgment appealed from is now reversed and set aside and the case is remanded for further proceedings according to law and consistent with the views herein expressed. Each litigant shall pay one-half of the costs of this appeal. All other costs shall await the final determination of the litigation.

PONDER, J., absent.