125 So.2d 387

**ILLINOIS CENTRAL RAILROAD COMPANY**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION et al.**

No. 45064.

Dec. 12, 1960.

Rehearing Denied Jan. 9, 1961.

Urchie B. Ellis, Chicago, Ill., Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen., Joseph H. Kavanaugh, Baton Rouge, for defendants-appellees.

SANDERS, Justice.

Plaintiff, Illinois Central Railroad Company, petitioned the Louisiana Public Service Commission for a certificate of public convenience and necessity to provide auxiliary and supplemental motor service parallel to its railroad lines between New Orleans and the Mississippi state line, and between Hammond and Baton Rouge. After hearing, the Commission issued Order No. 7911 denying the application of plaintiff for the reason that the public convenience and necessity would not be materially promoted thereby. On review in the district court, this order was affirmed. Plaintiff has appealed to this Court contending that the denial of its application is a gross abuse of the discretion vested in the Commission.

In this suit, plaintiff seeks authorization to operate regular route common carrier motor service in the transportation of freight, including mail, express, and baggage, over U. S. Highway 190 between Baton Rouge and Hammond, and over U. S. Highways 51 and 61 between New Orleans and the Mississippi state line via Hammond. Plaintiff alleges that the proposed service, using its established depot and agency facilities, will be auxiliary and supplementary to the existing railroad service and hence will provide a more convenient, efficient and economical local freight service to stations on its rail lines, particularly in the case of less that carload shipments.

Of the several protestants [1] who appeared at the hearing, only one, Garig Transfer, Inc., claimed to have rights over the entire route here involved.

In affirming the order of the Commission denying plaintiff's application, the district court found from the evidence that there was an existing certificate over the route sought and concluded that, under the provisions of LSA–R.S. 45:164,[2] the plaintiff

---

1. Southeastern Motor Freight, Ozone Motor Line, Huff Truck Line, Inc., Couch Motor Line, Garig Transfer, Inc., W. M. Chambers Truck Line, Inc., and Hearin Tank Lines, Inc.

2. LSA–R.S. 45:164 provides: "No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written applica-

had not clearly shown that public convenience and necessity would be materially promoted by the granting of an additional certificate.

Obviously the trial judge was of the opinion that the evidence of the service rendered under the certificates of Garig Transfer, Inc. and the other protestants outweighed the testimony produced by plaintiff as to the inadequacy of the present system. However, in his written reasons for judgment, the district judge recognized that the evidence unmistakably established that if the railroad were granted the certificate it could in fact serve its patrons more economically and satisfactorily.

It has been suggested in brief and argument before this Court that, subsequent to the district court's decision, Garig Transfer, Inc., suspended operations. Although it appears from the record that this company holds a certificate over portions of the same route sought herein, the exact scope of this certificate and the extent of the service actually offered is not disclosed. Also suggested in brief in this Court is the fact that, since the judgment of the district court, four of the other protestants[3] herein have made application to the Commission

for certificates of public convenience and necessity over this route.

Based on the present record, this Court is unable to determine whether the operations of the competing carrier, Garig Transfer, Inc., have actually been suspended and, if so, the effect of such suspension on the adequacy of existing service.

Under the authority of Article 906 of the Code of Practice, this Court has on numerous occasions exercised its prerogative of remanding cases on its own motion where the interest of justice requires it. Succession of Addison, 212 La. 846, 33 So.2d 658; Reich v. Grieff, 214 La. 673, 38 So.2d 381; United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., Inc., 214 La. 928, 39 So.2d 422; Dietz v. Dietz, 227 La. 801, 80 So.2d 414; A. K. Roy, Inc. v. Board of Commissioners, 237 La. 541, 111 So.2d 765; Lands v. Equitable Life Assurance Society of U. S., 239 La. 782, 120 So.2d 74

Since it is our opinion, after a review of the record, that the suspension of operations by Garig Transfer, Inc., if such be established, could materially affect the judgment rendered herein, we deem it necessary to remand the cause to the district court for

tion made and filed, a public hearing, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route

where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby."

3. Ozone Motor Line, Southeastern Motor Freight, Huff Truck Line, Inc., and Couch Motor Line.

the introduction of additional evidence consonant with the provisions of LSA–R.S. 45:1194.[4]

For the reasons assigned, the judgment appealed from is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed. All costs are to await the final disposition of the case.

HAMITER, J., concurs in the result.

4. "If upon the trial of any suit brought to contest any decision, act, rule, rate, charge, classification, or order, of the commission, the plaintiff introduces evi-

dence which is found to be different from that offered upon the hearing before the commission or additional thereto, the court, before proceeding to render judgment, unless the parties to such action stipulate in writing to the contrary, shall send a transcript of such evidence to the commission, and stay proceedings in the suit for fifteen days from the date of such transmission. Upon the receipt of the transcript, the commission shall consider the evidence, and it may alter, modify, amend, or rescind its decision, act, rule, rate, charge classification or order, complained of in the suit and shall report its action to the court within fifteen days from the receipt of the transcript."