FOURNET, Chief Justice.
 

 The Louisiana Public Service Commission appealed devolutively from the judgment of the Nineteenth Judicial District Court reversing its order denying the ap
 
 *672
 
 plication of the Texas and Pacific Railway Company for authority to discontinue operation of its freight agency station at Mansura, La.
 
 [1]
 

 According to the record the Texas and Pacific filed its application with the Public Service Commission for authority to discontinue its agency station at Mansura, Avoyelles Parish, Louisiana, claiming that the use of the station by the public and the volume of its business had constantly and steadily decreased to such an extent that the continued maintenance and operation at an increasing loss showed that public convenience and necessity no longer justified its continuance. The application, after due hearing, was denied by the Commission.
 

 Availing itself of the provisions of the Louisiana Constitution, Article 6, Section 5, the railroad company instituted suit in the Nineteenth Judicial District Court to have the ruling reviewed; and the case having been submitted on the record as made up before the Commission, judgment was granted setting aside the order of the Commission a'nd authorizing plaintiff to discontinue Mansura station as an agency station.
 

 Under the settled jurisprudence of this court the decisions of the Louisiana Public Service Commission are accorded great weight and are not disturbed unless they are found to be clearly erroneous and unsupported by the evidence
 

 [2]
 

 and according to the rule generally prevailing the test employed in determining whether or not a railroad may properly be entitled to discontinue an agency station, where an absolutely necessary service is not involved, is whether the public good derived from maintenance of the agency station outweighs the expense to the railroad in continuing such agency. In determining such matters consideration should be given to the volume of business done at the station, its proximity to other stations, the accessibility thereof, the cost of maintaining such agency station, the financial loss, if any, to the railroad, giving due regard to the welfare of the public and the probabilities of future development.
 
 [3]
 

 The record reveals that Mansura is on a branch line located midway between two
 
 *674
 
 Texas and Pacific Agency stations with Marksville 4.7 miles north by rail and Cottonport 6.8 miles south by rail. The meagre revenue at this station is derived solely from incoming and outgoing freight, passenger service having been discontinued a number of years ago. The exhibits introduced by the Texas and Pacific Company, and uncontradicted by appellant, reflect that total income at Mansura station for 1955 was $4,916.04 and for 1956 was $5,908.12. These exhibits further reflect a loss of $3,098 for 1955 and $3,479 for 1956, after deducting the station’s proportionate share of system operating expenses and agent’s salary. The Texas and Pacific has agreed to absorb any telephone charges to either of its aforesaid stations (Marksville or Cottonport) in connection with movement of freight by any shipper or receiver in the Mansura area in order to maintain the service. The record further reveals that the town of Mansura is served by the Kansas City Southern-Louisiana and Arkansas Railroad which handles most of the freight, both incoming and outgoing, as well as by three motor freight truck lines.
 

 We think this record clearly shows that public convenience and necessity no longer justifies the continuance of Mansura station. The probability of future increase in business due to the newly developing potato industry in the area is insufficient to warrant the expense of maintaining the station.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 TURNER, J., recused.
 

 [1]
 

 . Inasmuch as the appeal was devolutive and not suspensive the plaintiff railroad company closed and discontinued its Mansura agency station on December 31, 1957, and it has remained so closed.
 

 [2]
 

 . Texas & New Orleans Railroad Co. v. Louisiana Public Service Commission, 233 La. 787, 98 So.2d 189; Illinois Central Railroad Co. v. Louisiana Public Service Commission, 224 La. 279, 69 So.2d 43; Gulf States Utilities Co. v. Louisiana Public Service Commission, 222 La. 132, 62 So.2d 250.
 

 [3]
 

 .74 C.J.S. Railroads § 402c (2), pp. 962, 963; Texas & New Orleans Railroad Co. v. Louisiana Public Service Commission, 235 La. 973, 106 So.2d 438; Missouri Pacific Railroad Company v. Louisiana Public Service Commission et al, 238 La. 243, 115 So.2d 337.