SANDERS, Justice.
The Louisiana Public Service Commission appeals from a judgment of the district court enjoining it from enforcing its Order No. 8253 ordering the reopening and maintenance of an agency station at Reeves, Louisiana.
Prior to the present proceeding, a petition was filed by the Missouri Pacific Railroad Company before the Public Service Commission for the closure of this station. Upon denial of the petition, the Railroad appealed to the Nineteenth Judicial District Court, which reversed the Order of the Commission and ordered the station closed. An appeal to this Court was taken by the Commission, but this appeal was dismissed on joint motion.
The present record discloses that, antecedent to the dismissal of the appeal, the Commission and the Railroad entered into a compromise agreement whereby the Railroad would continue the operation of the agency at Reeves for a six-months’ period. If the station was not making a reasonable profit at the end of this period, it was to be closed. The station was operated from March 1, 1960 until August 22, 1960 at which time it showed a loss of $60.21. It was thereupon closed without notice to the Commission. On September 1, 1960 the Commission on its own motion ordered the Railroad to show cause why the station at Reeves should not be reopened. The Rail *645 road interposed a plea of res judicata on the basis of the adjudication in the prior suit, and pleaded estoppel by virtue of the compromise agreement. It also filed exceptions of no right or cause of action. These pleas and exceptions were referred to the merits. After hearing the Commission ordered the reopening and maintenance of the agency station at Reeves.
The Railroad petitioned the district court for injunctive relief alleging an abuse of power by the Commission. A preliminary injunction issued, and after trial on the rule there was judgment permanently enjoining and prohibiting the enforcement of Order No. 8253.
Under the provisions of Article VI, Section 4 of the Louisiana Constitution of 1921, LSA, broad powers are vested in the Louisiana Public Service Commission, and this body was fully authorized to inquire into the necessity of reopening this agency station.
According to the record, Reeves is the only agency station in an area bounded by Lake Charles, DeQuincy, DeRidder, Pitkin, and Kinder. Apparently referring to this surrounding area, the Commission found that the closure of the station would result in there being no agent on duty for a distance of 40 miles. The Commission concluded that the loss of $60.21 for the half year was not of controlling significance in view of the inconvenience to the public that would be occasioned by the closure.
Recently in Illinois Central Railroad Co. v. Louisiana Public Service Commission, et al., La., 127 So.2d 178, 181, we said:
“The rule applicable in these matters has been many times stated by us * * * and was tersely reiterated in our recent decision in Texas & Pacific Ry. Co. v. Louisiana Pub. Serv. Comm., 240 La. 669, 124 So.2d 902, 903, 904, thus:
“ * * the test employed in determining whether or not a railroad may properly be entitled to discontinue an agency station, where an absolutely necessary service is not involved, is whether the public good derived from maintenance of the agency station outweighs the expense to the railroad in continuing such agency. In determining such matters consideration should be given to the volume of business done at the station, its proximity to other stations, the accessibility thereof, the cost of maintaining such agency station, the financial loss, if any, to the railroad, giving due regard to the welfare of the public and the probabilities of future development.’ ”
We agree with the Commission that the loss or profit of a station is not the sole determining factor in ascertaining whether or not the station should be closed. In the case of Texas and New Orleans Railroad Company v. Louisiana Public Service Commission, 233 La. 787, 98 So.2d 189, 190, we quoted with approval the following rule:
“ 'A board or commission in deciding what train service shall be provided by a railroad must be guided in its determination by the public convenience and necessity in relation to such service; and where it is sought to discontinue certain service, the controlling criteria are the character and population of the territory served, public patronage or lack thereof, the remaining transportation facilities, the expense of operation as compared with revenue therefrom, and the financial condition of the railroad as a whole.’ ”
Without discussing the meagre evidence herein adduced, suffice it to say that the record in this case is inadequate to make a sound determination of whether or not the agency station at Reeves should be reopened and maintained. It impresses us that there is no reported case in which an area such as involved herein has been left without such service.
Under pertinent constitutional and statutory authority, the Public Service Com *646 mission is empowered to make a detailed technical study of the public transportation requirements for this area through its own staff or through a consultant appointed by it. However, such a systematic study does not appear in the record for consideration by the Court. Moreover, the availability of other evidence is disclosed since it appears that the testimony of the following (which was perhaps otherwise competent) was rejected by the Commission because it was offered by letter: an official of J. A. Bel Lumber Company, the State Representative of Allen Parish, and the owner of the Kinder Auto Company.
LSA-C.C.P. Article 2164 provides in part:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.”
This salutary codal authority grants to this Court the prerogative of remanding a case on its own motion when the interest of justice requires it.[1] We find that the present case warrants the exercise of this discretion vested in us.
On the remand we are of the opinion that the evidence adduced should include the population of the area affected; the principal commodities shipped by rail; the extent of these shipments for a relevant period; a map of the area with pertinent distances indicated; the nature, accessibility, and extent of other transportation facilities; and other data material to the issues.
For the reasons assigned, the judgment of the district court enjoining the enforcement of Order No. 8253 is reversed and set aside, and the case is remanded to the Louisiana Public Service Commission for further proceedings in accordance with law and consistent with the views herein expressed. All costs are to await the final disposition of the case.

. Of. Article 906 of the Code of Practice of 1870. Under the former codal article, this Court has on numerous occasions remanded cases on its own motion in the interest of justice. Succession of Addison, 212 La. 846, 38 So.2d 668; Reich v. Grieff, 214 La. 673, 38 So.2d 381; United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., Inc., 214 La. 928, 39 So.2d 422; Dietz v. Dietz, 227 La. 801, 80 So.2d 414; A. K. Roy, Inc. v. Board of Commissioners, 237 La. 641, 111 So.2d 765; Lands v. Equitable Life Assurance Society of U. S., 239 La. 782, 120 So.2d 74; Illinois Central Railroad Company v. Louisiana Public Service Commission et al., 240 La. 854, 125 So.2d 387.