134 So.2d 551

**LOUISIANA & ARKANSAS RAILWAY COMPANY**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 45678.

Nov. 6, 1961.

Jack P. F. Germillion, Atty. Gen., Joseph H. Kavanaugh, Sp. Counsel, Baton Rouge, for defendant-appellant.

T. W. Holloman, White, Holloman & White and Joseph R. Brown, Alexandria, for plaintiff-appellee.

HAWTHORNE, Justice.

This appeal is by the Louisiana Public Service Commission from a judgment of the district court which annulled, reversed, and set aside an order of the commission denying the Louisiana & Arkansas Railway Company's application to discontinue its agency station at Hessmer, Louisiana, and which authorized and empowered the railroad to discontinue this station as an agency station.

The village of Hessmer is in Avoyelles Parish, 28 miles south of Alexandria and 4.2 miles north of Mansura, another agency station of the plaintiff railroad. Both Hessmer and Mansura are on an improved high-way running parallel to the railway. There is no passenger service at Hessmer, which has a population of 500. Freight of less than carload lots is handled by truck service operated by the railroad five days a week with a south-and north-bound truck each day, which also carries and delivers mail. If the railroad's application is granted, this service will be continued in the same manner. In 1958 and in part of 1960 only a few carloads of freight were shipped from Hessmer, and in 1959 there were no shipments out. Most of the freight in carload shipments consigned to Hessmer has been set out on the railroad sidings. The railroad shows that if its application is granted, the waybills for freight to Hessmer will be left with its agent at Mansura, the consignees promptly notified, and the cars set out on the siding at Hessmer as in the past. There is no public telephone maintained by the railroad at its station at Hessmer, but anyone who has business with the railway can reach the agent at Mansura by telephone at the railroad's expense.

The railroad, using the same formula of accounting[1] used by the railroads in Missouri Pacific R. Co. v. Louisiana Pub. Serv. Comm., 238 La. 243, 115 So.2d 337, and Louisiana & Ark. Ry. Co. v. Louisiana Pub. Serv. Comm., 240 La. 658, 124 So.2d 899, determined that there was a loss incurred

---

1. Under this formula the revenues of the station are halved, and there is charged against the agency station a pro rata of the system-wide operating expense. For details of formula, see the cases cited.

on traffic to and from Hessmer of more than $3,400 for 1958, more than $3,700 for 1959, and more than $1,900 for the first six months of 1960. The trial judge was reluctant to accept this formula as a method of accounting because he considered that it did not reflect the true financial picture of the station's operations, but he felt that he was bound by what he says was the rule adopted by this court in the cases cited above. In neither of the two cases cited did this court actually approve the formula used there by the railroad, but stated only that there was "no evidence in the record to show that the railroad formula is incorrect or that there is any better method of accounting", and that "in the absence of any evidence to the contrary we must adopt the formula of the railroad as the correct one". It suffices to say that this is true in the instant case, and accordingly, under these circumstances, we accept the formula which shows the losses as above stated.

■ The fact that the subject station is being operated at a loss will not of itself justify its discontinuance, though this is one of the factors to be considered. The paramount question in such cases is whether the discontinuance of the station will seriously affect the public convenience and necessity.

■■ In cases of this kind we start with the premise that the orders of the commission are entitled to great weight, and that the burden is on the railroad to show their invalidity. If, however, the findings and conclusion of the commission are not supported by the evidence and do not conform to the law, its order is unreasonable and should be annulled by the court.

The rule in regard to discontinuance of an agency station is stated clearly and concisely, with citation of decisions of this court, in Louisiana & Ark. Ry. Co. v. Louisiana Pub. Serv. Comm., supra, thus:

"The rule in regard to discontinuance of an agency station is a determination of the public convenience and necessity in relation to such service and the expense of the operation as compared with the revenue therefrom. The circumstances which should be considered are the volume of business done at the station, its proximity to other stations, the accessibility thereof, the cost of maintaining such agency station, the financial loss, if any, to the railroad company, due regard for the welfare of the public, and the probabilities of future development. * * *" [240 La. 658, 124 So.2d 902.]

■ In the instant case the railroad has discharged the burden of proving that the order of the commission refusing to permit it to discontinue its agency station at Hessmer was unreasonable, for it established that it was operating the station at a loss and that the public necessity and conven-

ience would not be affected in any essentials by the closing of the station. Moreover, the evidence does not show that the public good derived from maintenance of the agency station outweighs the expense to the railroad in continuing it.

For the reasons assigned the judgment appealed from is affirmed.