ON REHEARING
SANDERS, Justice.'
' On application of the Louisiana Public Service Commission, we granted a rehearing in this proceeding to reconsider our judgment affirming the judgment of the district court which set aside the order of the Commission and authorized the discontinuance of the agency station at Pitkin, Louisiana operated by the plaintiff railroad.
On the original hearing, we found that the station was being operated at a substantial loss and that the public inconvenience involved in the discontinuance was not great.
On rehearing two contentions advanced by the Louisiana Public Service Commission have given us much concern. The Commission contends that the court failed to give sufficient consideration to the service rendered by the station to the area surrounding Pitkin. It also contends that Fort Polk, an army training center located between Pitkin and Leesville, has been reactivated and that the case should be remanded fo,r the reception of further evidence (which it proposes to offer) as to the revenues of and need for the agency station because of the change of conditions occasioned by this development.
Pitkin is a rural community in the southeastern portion of Vernon Parish. The descriptive exhibit filed by the plaintiff before the Commission shows that it contains ten business establishments and has a population of 800 within a three mile radius. However, the record also reflects that the station serves a substantially larger surrounding area in Vernon, Rapides, Beauregard, and Allen Parishes. The service area embraces the communities of Cravens, Fullerton, Foote, and Sugartown. It contains an estimated population of 2500. The record does not reflect with sufficient clarity the extent that the public convenience and necessity of these environs will be adversely affected by the discontinuance.
In the hearings before the Commission, a small profit for the test period was reflected by plaintiff’s exhibits and conceded by its superintendent, who appeared as a witness. On the original hearing, the station showed a profit of $213.45 for the twelve month test period from June, 1957, through May, 1958, upon crediting to the station only one-half of its revenue. On rehearing before the Commission, a profit of approximately $250 was shown for the fourteen month period from May, 1957, through June, 1958.
In the district court, the plaintiff adopted an accounting period of twenty months from May, 1957, through December, 1958, and filed supporting exhibits reflecting a loss of $8,084 for the period. An examination of the exhibits shows no drastic decline in the business of the station for the final six months of 1958. It is clear, therefore, that the loss asserted resulted from a change in the accounting procedures used in the hearings before the Commission.
The possibility of the reopening of Fort Polk was adverted to in the testimony of *79 record. It was conceded on .rehearing that this training center has been reactivated. The effect of this development on the economy of the service area and the business of the station is a matter of proof.
Article 2164 LSA-C.C.P. provides in part:
“The appellate ' court shall render any judgment which is just, legal, and proper upon the record on appeal.”
In Missouri Pacific R. Co. v. Louisiana Public Service Comm., 241 La. 242, 128 So.2d 644, we said in reference to this article :
“This salutary codal authority grants to this Court the prerogative of remanding a case on its own motion when the interest of justice requires it.”
We recognize that this case has been pending for an extended period. However, we find that the circumstances of the case warrant the exercise of this discretion to .remand. The remand will afford an opportunity for the production of all available evidence relevant to the issues. We deem this to be in the interest of justice.
For the reasons assigned, the judgment of the district court is reversed, and the case is remanded to the Louisiana Public Service Commission for further proceedings according to law and consistent with the views herein expressed. Ail costs are to await the final disposition of the case.
McCALEB, J., dissents with written reasons.
HAMLIN, J., dissents-, adhering to the views expressed in original opinion.