**COMMONWEALTH of Kentucky ex rel. KENTUCKY RAILROAD COMMIS-SION, etc., Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COM-PANY, Appellee.**

Court of Appeals of Kentucky.

June 22, 1962.

John B. Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, Seth T. Boaz, Jr., Asst. Atty. Gen., Mayfield, for appellant.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, Joseph H. Wright, John W. Freels, and John W. Foster, Chicago, Ill., of counsel, for appellee.

MONTGOMERY, Judge.

The Railroad Commission appeals from a judgment in which it was directed to approve the application of the Illinois Central Railroad Company to discontinue its agency station at Vine Grove. See KRS 276.370. The Commission had previously ordered the agency continued. The agency station has been closed since December 24, 1960.

The original order of the Commission contained no findings of fact or conclusions of law. In an amended order, the Commission found, inter alia, that for the year 1957 and the first ten months of 1958, respectively, the gross revenue from freight and expense handled through the agency at Vine Grove amounted to $31,669.72 and $19,926.19; the Railroad's portion was $16,597.98 and $9,370.29; and station expenses amounted to $5,070.42 and $4,551.51; that if the application to discontinue the agency should be granted, the station would be governed by the agency at Fort Knox and the carload shippers would either have to meet the train when it arrived in Vine Grove or go to Fort Knox in order to get the bill of lading signed; that in order for a patron to receive a shipment on a shipper's order bill of lading, he would be required to post a bond in excess of the value of the shipment; and that the communities of Radcliffe, Flaherty, Rineyville, and Big Spring have been served by the Vine Grove station. The Commission concluded that public convenience and necessity could not be served through the granting of the application.

The circuit court's findings were that the volume of business handled at Vine Grove had been steadily declining for the past several years; that as a result thereof the Railroad had incurred losses in the operation of its agency station there of $2,861.07 for 1957, of $3,593.53 for 1958, and of $3,508.86 for 1959; and that under the proposal of the Railroad, Vine Grove would become a prepay station and services would still be provided through the facilities maintained there. The court concluded that the agency station had been and was being maintained at a loss and the income would not improve; that the services and facilities provided would be adequate; that the findings of the Commission were not sufficient to support a denial of the application; and that to require the Railroad to continue its agency station at Vine Grove, under the facts in this record, would be contrary to and in violation of the Railroad's right un-

der the Fifth and Fourteenth Amendments of the United States Constitution and Sections 2, 13, and 242 of the Kentucky Constitution, and would constitute the taking of the Railroad's property without due process of law.

■ Ordinarily, the review of such a judgment "is limited to the narrow question whether there is any substantial evidence, or * * * any evidence of substance, to support the finding of the Railroad Commission." Railroad Commission of Kentucky v. Illinois Cent. R. Co., Ky., 265 S.W. 2d 797; Louisville & Nashville R. Co. v. Commonwealth, Ky., 300 S.W.2d 777. The Commission's findings concerning revenue, station expense, and carloadings were based on the Railroad's exhibits. The controlling facts in this case are not in dispute. In such case, the correctness of the Commission's decision becomes a question of law reviewable by the court. Dougherty v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 262, 130 S.W.2d 756; Joseph W. Greathouse Co. v. Yenowine, 302 Ky. 159, 193 S.W.2d 758; 42 Am.Jur., Public Administrative Law, Section 210, page 622, and Section 214, page 634. This case is unlike Louisville & Nashville R. Co. v. Commonwealth, Ky., 314 S.W.2d 940, where in the absence of findings of fact, the case was remanded to the Commission to make proper findings of fact and conclusions of law.

The Railroad is required to furnish reasonably adequate service and facilities. See KRS 276.020. The question is: Does the elimination of the agency station in view of the loss sustained in maintaining it constitute a failure to furnish reasonably adequate service and facilities?

The evidence in support of the application follows. Vine Grove had a population of 2,252 people. It is located on the main tracks of the Railroad's Kentucky division, 10.4 miles north of Cecilia and 6.4 miles south of Fort Knox. Cecilia and Fort Knox are agency stations. Vine Grove is 8.5 miles by a paved highway from Fort Knox, and there is no toll charge on tele-

phone calls between the two points. In addition to the present service of the Railroad, freight service is also supplied by two truck lines.

The use of the services provided by the agency has been declining steadily over the past several years. For the year 1957, a total of 94 carload shipments and 869 less-than-carload shipments were handled at the agency. For the year 1958, 87 carload shipments and 763 less-than-carload shipments were handled. Business at the agency was such that it required only one or two hours per day of the agent's time to handle the traffic, make out the necessary reports, and perform his other duties.

The discontinuance of the agency would have little, if any, effect on the service presently provided by the Railroad. The Railroad would continue to transport freight on the same schedule and to use the same trains and other facilities. Less-than-carload shipments would be delivered to the freight depot to which the consignee would have access, or they could be delivered to Fort Knox at the consignee's request. There would be no difference in the handling of carload traffic, the only change being that it would be necessary for the consignor or consignee to call the agency at Fort Knox instead of the agency at Vine Grove.

Service through open and prepay stations such as the Railroad furnished at Vine Grove is provided at West Point, Shively, Pleasure Ridge Park, Meadowlawn, Valley, and other stations of comparable size on this line of the Railroad. The testimony shows that the service is satisfactory and efficient, both from the standpoint of the Railroad and the patrons whom it serves.

The Railroad's evidence showed losses of $2,861.07 in 1957, $3,593.53 in 1958, and $3,508.86 in 1959. The testimony was to the effect that there was no probability that its losses would decrease in the future but might be expected to continue to increase.

The testimony in opposition to the application was given by the Mayor of Vine Grove, a State Senator, a Chamber of Commerce representative, four businessmen, and a retired businessman. In substance, their objections were to the effect that the loss of the agency station would be an inconvenience and would necessitate traveling over a highway heavily congested with traffic to Fort Knox and obtaining a military pass to enter the military reservation in order to handle shipments through Fort Knox. The latter objection was questioned.

■ The evidence concerning the profit or loss of the Vine Grove agency station is uncontradicted. It consists of testimony by the Railroad's statisticians from reports and exhibits prepared in accordance with Interstate Commerce Commission regulations and recognized as proper. Commonwealth ex rel. Kentucky R. R. Commission v. Illinois Cent. R. Co., Ky., 299 S.W.2d 803. These exhibits formed the bases for findings by the Commission and trial court.

■ The findings of the Commission as to gross revenue and direct station expense are as shown on the exhibit. The findings are misleading, in that no findings were made concerning other factors in the statement which are necessary to be considered in order to determine the profit or loss sustained at the station. The Commission failed to take into account the proportionate share of general operating expenses, rent, and taxes of the Railroad's freight system as it properly should have done and considered only the direct station expense. The Commission made no finding as to the portion of the gross revenue properly assignable to Vine Grove or whether there was a profit or loss. There is nothing in the record to show that the Railroad's formula in determining the loss is incorrect or that there is any better method of accounting. The trial court correctly took into account all of the factors shown by the statements in finding that there were losses in each of the three years shown. Missouri-Pacific R. Co. v. Louisiana Public Service Commission, 238 La. 243, 115 So.2d 337; Northern Pacific R. Co. v. North Dakota, 236 U.S.

585, 35 S.Ct. 429, 59 L.Ed. 735. See also Louisville & Nashville R. Co. v. Com., Ky., 314 S.W.2d 940.

■ The duty of the Railroad is to furnish reasonably adequate service and facilities. KRS 276.020. Its absolute duty is to transport freight and passengers. The duty to furnish an agency station is incidental to the main purpose of the Railroad. Arizona Corporation Commission v. Southern Pacific Company, 87 Ariz. 310, 350 P.2d 765; State of Washington ex rel. Oregon R. & Nav. Co. v. Fairchild, 224 U.S. 510, 32 S. Ct. 535, 56 L.Ed. 863. The application to be relieved of maintaining an agency station involves an incidental duty as contrasted with the absolute duty to furnish transportation.

■ The maintenance of an agency station primarily involves a question of business policy. The expense of maintaining it may assume a controlling importance. The many factors involved were pointed out in the Arizona case, thus:

"In weighing the public convenience on the one hand, and the expense to the railroad of the maintenance of the service, on the other, to determine the prevailing balance, the Commission should consider the following factors: the financial condition of the entire railroad system, the financial loss, if any, sustained in the maintenance of the agency, the fact of substitute services providing the same essential, although less convenient, service, the volume of business to be affected and the saving in time and expense to the shipper, the character and population of the territory served, and the proximity to other agency stations. The crucial point, however, is that it is unreasonable to require the maintenance of an agency station where the cost of the service is out of proportion to the revenue derived from the portion of the public benefited thereby. Finally, the maintaining of an uneconomic service resulting in an economic waste cannot be justified or excused by a showing that the service has been in the convenience and necessity of some individual. The convenience and necessity required are those of the public and not of an individual or individuals." (Citations omitted.)

See also Illinois Cent. R. Co. v. Illinois Commerce Commission, 397 Ill. 323, 74 N.E. 2d 545; State ex rel. Utilities Commission v. Atlantic Coast Line R. Co., 233 N.C. 365, 64 S.E.2d 272; Denton Bros. v. Atchison, T. & S. Ry. Co., 34 N.M. 53, 277 P. 34.

■ It, therefore, is concluded that the services and facilities provided are adequate and that the public inconvenience as opposed to the financial loss of the Railroad is not sufficient to justify maintaining the agency station at Vine Grove. It is deemed unnecessary to consider the constitutional questions presented.

Judgment affirmed.