151 So.2d 362

### MISSOURI PACIFIC RAILROAD COMPANY

v.

### LOUISIANA PUBLIC SERVICE COMMISSION et al.

No. 46379.

March 25, 1963.

Joseph H. Kavanaugh, Baton Rouge, for defendants-appellants.

Milling, Saal, Saunders, Benson & Woodward, W. S. Shirley, Jr., New Orleans, for plaintiff-appellee.

FOURNET, Chief Justice.

The case before us is a sequel to Missouri Pacific Railway Company v. Louisiana Pub-

lic Service Commission et al., 241 La. 242, 128 So.2d 644, which was remanded to the Commission for further proceedings to secure additional evidence [1] pertinent to the determination of whether the plaintiff's agency station at Reeves, Louisiana should be re-opened. Order No. 8494 of the Commission, by a divided vote, to re-establish the station was reversed and set aside by the Nineteenth Judicial District Court and from this adverse judgment the Commission has appealed.

The jurisprudence of this state is replete with authority to the effect that in the determination of when a railroad will be permitted to terminate an agency station, the public convenience and necessity must be weighed against the expense of its operation to the railroad.[2]

A careful study and analysis of the entire proceedings [3] reveal that Reeves is an isolated, sparsely-populated rural community situated in an area which produces principally agricultural and timber products and located on U. S. Highway 190, a modern hard-surfaced highway which connects Reeves with Kinder, twelve miles distant to the east and DeQuincy, twenty-four miles removed to the west; in both towns the plaintiff maintains an agency station. Carload shipments, consisting mainly of pulpwood and logs, made by residents in the Reeves area will continue to be handled in the same manner as before with the exception that it will be necessary to telephone, collect, the station agent in either town to make the proper arrangements. Inbound "less than carload" shipments to Reeves will continue to be handled by Missouri

1. On remand, this Court specified that " * * * the evidence adduced should include the population of the area affected; the principal commodities shipped by rail; the extent of these shipments for a relevant period; a map of the area with pertinent distances indicated; the nature, accessibility, and extent of other transportation facilities; and other data material to the issues."

2. Texas and Pacific Railway Company v. Louisiana Public Service Commission, 243 La. 322, 143 So.2d 86; Illinois Central Railroad Co. v. Louisiana Public Service Commission, 241 La. 1, 127 So.2d 178; Texas & Pacific Railway Company v. Louisiana Public Service Commission, 240 La. 669, 124 So.2d 902; Texas & New Orleans Railroad Company v. Louisiana Public Service Commission, 241 La. 635, 130 So.2d 398; Illinois Central Railroad Company v. Louisiana Public Service Commission, 240 La. 769, 125 So.2d 159; Missouri Pacific Railroad Company v. Louisiana Public Service Commission, 238 La. 243, 115 So.2d 337; Texas & New Orleans Railroad Company v. Louisiana Public Service Commission, 233 La. 787, 98 So.2d 189; Texas & New Orleans Railroad Company v. Louisiana Public Service Commission, 235 La. 973, 106 So.2d 438.

3. Included in the record before us are the transcripts of two of the three hearings before the Commission. The first was held in response to the Railroad's initial request for authority to discontinue the Reeves Station; the second resulted from the Commission's order to the Railroad to show cause why the station should not be re-opened after the Railroad had closed it at the end of a six-months "trial period", the third hearing was held to secure additional evidence as requested by this Court on remand.

Pacific Transport Company, a trucking company, which has scheduled more convenient delivery hours.

Outbound "less than carload" lots must be taken to an agency station; but as was pointed out by the Railroad, in 1958, 1959 and the first eight months of 1960, a total of eight such shipments were made at Reeves, and it therefore insisted that this minimal use of a station would impose no great inconvenience or substantial financial loss to the public if it were necessary to go to another station, twelve miles away. Passenger trains no longer observed scheduled stops at Reeves after the station was closed, but arrangements can be made for persons to board the trains there; in addition, Continental Trailways, a bus line, furnishes passenger transportation.

The Railroad presented data compiled in accordance with recognized and approved accounting methods showing a net loss of $3,407.73 in 1958, $3,195.03 in 1959, and $1,069.45 [4] for the first eight months of 1960 in the operation of the station; and while the loss to the Railroad is diminished by considering these figures with revenues and expenses attributable to the use of the Railroad's spur tracks located at the communities of Bel and Fulton, whose inclusion is questionable, it is nonetheless substantial.

4. When this case was previously before this Court, the Railroad indicated that it had sustained a small loss in revenue for six months of this period, but em-

While it is true the townspeople of Reeves and its environs have vigorously sought to have the station re-opened and their testimony reveals a sincere belief that the station is essential for speculative economic development and expansion, we are of the opinion that the trial judge was correct in his conclusion " * * * that the evidence shows the station was operated at a loss, and that public convenience and necessity have not been materially affected by the closing of the station."

For the reasons assigned, the judgment appealed from is affirmed.

phasized that the figures were incomplete and the exact amount of the loss could not be determined until the end of the year.