Accordingly, the judgment of the court of appeal is affirmed.

161 So.2d 67

### TEXAS AND NEW ORLEANS RAILROAD COMPANY

v.

### LOUISIANA PUBLIC SERVICE COMMISSION et al.

No. 46827.

Feb. 24, 1964.

Joseph H. Kavanaugh, Baton Rouge, for defendants-appellants.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, William E. Crawford, New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

The Texas and New Orleans Railroad Company filed suit in the Nineteenth Judicial District Court appealing from an order of the Louisiana Public Service Commission which denied its application to discontinue its agency station at Berwick, Louisiana. The case was submitted to the district court on the record as made up before the Commission, and that court in due course rendered judgment reversing the order of the Commission and authorizing petitioner, the railroad, to close immediately and discontinue the agency station. From this judgment of the district court the Public Service Commission has appealed.

The plaintiff railroad commences at New Orleans and continues westward to Houston, Texas, and the Berwick station which it seeks to discontinue as an agency station is about 1.2 miles west of its Morgan City station. Morgan City and Berwick are adjacent communities, connected by high-

way and telephone, and there is a bridge over the stream which flows between the two towns. For approximately 21 months prior to the hearing before the Commission, all the accounting and billing in connection with the railroad's business at Berwick, such as carload billing and receipt of freight, were done through the Morgan City station, all without objection from any shipper or customer of the railroad. Due to this procedure the Berwick station agent was relieved of all railroad duties except checking the yard and filling out certain forms to report cars placed at industries, loaded, empty, ready for moving, etc. These duties performed by the Berwick agent took about 30 or 40 minutes each day, and the remainder of the time he performed no railroad functions. The station was kept open, however, and the agent handled on a commission basis the business of the Railway Express Agency, which is a company separate from and independent of the plaintiff railroad.

The railroad does not contend that the Berwick station, which is open five days a week from 8:00 a. m. to 5:00 p. m., is operated at a loss; but it seeks permission to close the agency station there and to transfer this agent to the Morgan City station, which is open 24 hours a day seven days a week, where the workload is heavy and where an additional agent's services are needed and can be utilized full time. All of the present railroad duties

of the Berwick agent can be performed out of the Morgan City station, and the closing of the Berwick station and the transfer of the agent to Morgan City will represent an economic gain to the railroad by the better utilization of manpower and the saving of the other small expenses of maintaining the Berwick station.

The railroad proved that if the Berwick station were discontinued, there would be no change in the physical handling of carload and less than carload shipments; or, in other words, that cars for carload shipment would still be spotted and picked up at the same places as they are at the present time. The railroad also established that the Berwick business has been handled from the Morgan City station since the middle of 1959 without complaint from its customers, and could continue to be handled satisfactorily to all of them; and, further, that no shipper or receiver of freight appeared at the hearing before the Commission to oppose the discontinuance of the Berwick station.

The basis of the Commission's refusal to grant the railroad's application was that the discontinuance of the Berwick agency station would not accomplish very much for the railroad. The Commission made no pretense of finding from the record that the public convenience and necessity required the continuance of the agency station. The district court found that "the

public convenience and necessity will not be detrimentally affected by the closing and discontinuance of the Berwick agency station".

The only objections to the discontinuance of the agency station were voiced by certain town and parish officials and by those who used the Railway Express Agency for shipments of seafood. The testimony of these public officials does not show in any way that the public convenience and necessity will be adversely affected by the closing of the Berwick agency station. As we have previously said, the Railway Express Agency is a company separate from and independent of the railroad; but, in any event, the record shows that the Railway Express Agency would improve its service in the Berwick area by adding an employee to its Morgan City office and extending the time that office is open from three days to six days a week; and in addition a pick-up and delivery service right to the door of the shippers who use Railway Express facilities, a service not now available in Berwick, would be extended to include that place. Thus the needs and convenience of the Berwick seafood shippers will not be seriously affected if they have to avail themselves of the services of the Railway Express Agency at Morgan City just across the river.

■ In Texas & New Orleans Railroad Company v. Louisiana Public Service Commission, 242 La. 191, 135 So.2d 268, it was stated that the railroad "is entitled to non-interference from the commission in the wise and economical use of its funds, provided that use does not unduly inconvenience the public". And in Louisiana & Arkansas Railway Company v. Louisiana Public Service Commission, 242 La. 67, 134 So.2d 551, we said: "The paramount question in such cases is whether the discontinuance of the station will seriously affect the public convenience and necessity."

■ In the instant case the record shows that no railroad shippers or receivers will be adversely affected by the proposed change, and none will be inconvenienced. Under these circumstances the station can be discontinued without seriously affecting the public convenience and necessity, and accordingly the district court properly annulled and set aside the order of the Commission refusing to grant the railroad's application to close the station.

For the reasons assigned the judgment appealed from is affirmed.