PONDER, Judge.
Plaintiff appealed from the judgment granting a reconventional demand for the cancellation of a sand and gravel lease.
The issues are the propriety of the dissolution of a restraining order, application of res judicata to the questions of length of the lease and development of the leased premises; and the violation of the terms of the lease.
We reverse and remand.
Quality Materials of Tangipahoa, Inc., lessor, previously filed suit against Labara-ma, Inc., lessee, to cancel a sand and gravel lease. Lessee reconvened asking specific performance, damages for alleged wrongful eviction and breach of lessor’s obligations. Lessee appealed; this court reversed the judgment and declared the lease to be in full force. The court also declared still effective a counter-letter containing additional obligations. Quality Materials of Tangipahoa, Inc. v. Labarama, Inc., 361 So.2d 1285 (La.App. 1st Cir. 1978), writ denied 363 So.2d 922, 923 (La.).
Subsequently, when lessee informed lessor that operations under the lease would resume, lessor responded that it refused to reconduct the lease. Lessee petitioned for a temporary restraining order and an injunction. Lessor moved to have the temporary restraining order dissolved, and reconvened to have the lease cancelled for breach of lessee’s obligations; in the alternative it sought to have the court amend the lease as to site, royalty amount and term. Both parties moved for summary judgment on the question of the validity of the lease. The court dissolved the temporary restraining order, entered judgment cancelling the lease and denied lessee’s prayer for injunction.
We are unable to determine from the record if the trial court proceeded on the motion for summary judgment or decided the case on the merits by stipulation of counsel after memoranda were submitted. In either case we reverse and remand.
Appellant contends that the questions of extension of the term of the lease and the economical development of the lease are res judicata. We agree. These issues were expressly treated by the court in the previous appeal.
Appellee continues to refer to the recon-duction of the lease, even saying that this court has reconducted the lease. Counsel is grossly in error. Reconduction is entirely inapplicable. The term of the lease was extended by the provisions of the lease not by operation of law.
Appellee continues to argue that the lessee has failed to develop the lease economically. That issue was treated by this court. The exception of res judicata should have been maintained on the issues of term of the lease and the economic development.
The motion for summary judgment to cancel the lease on the grounds of the failure to supply insurance policies and to abide by the terms of the counter-letter should not have been granted. The affidavit of the appellee is contradicted by the affidavit of the appellant. These disputed facts prevent the issuance of a summary judgment.
If the decision is on the merits, the record does not reveal the basis of the trial court’s decision. If not based on the issues held to be res judicata, it has to be reversed; if based on the failure to furnish insurance or on breach of terms of the counter-letter we find no evidence to support the court’s decision. LSA-C.C.P. Art. 2164 grants to this court the discretion to remand a case on its own motion when the interest of justice requires it. Missouri Pacific Railroad Company v. Louisiana Public Service Commission, 241 La. 242, 128 So.2d 644 (1961). We find that the present case warrants the exercise of this discretion. We therefore reverse the judgment and remand for a trial on the merits the issues of failure to supply insurance policies and compliance with the terms of the counter-letter.
Because of our conclusions we do not reach the alternative demands. However, *158 we note that appellee has cited no authority giving us the power to rewrite the contract and we know of none. Also, because of our decision we deny the defendant’s claims for damages and attorney fees.
For these reasons, the judgments are reversed and the case is remanded for further proceedings not inconsistent with these reasons.
Appellee is to bear the costs of this appeal. All other costs will await the outcome of the case.
REVERSED AND REMANDED.