96 So.2d 650

**MAGNOLIA PETROLEUM COMPANY**

v.

**Vivian V. BOUDREAUX et al. and
Leonard Wing et al.**

No. 42737.

June 28, 1957.

S. W. Plauche, Jr., Lake Charles, for appellant.

King, Anderson & Swift, Lake Charles, for appellees.

HAMITER, Justice.

This concursus proceeding, provoked by Magnolia Petroleum Company for the purpose of determining to whom payment is due for gas and gas distillate royalties derived from a well drilled by it, presents a title dispute between heirs of Nathaniel Vincent (on the one hand) and heirs of Josephine Vincent Wing (on the other hand) over a one-tenth interest in and to the West Half of Section 18, Township 14 South, Range 10 West, in Cameron Parish. Both sets of claimants assert title from a common ancestor—one Simeon Vincent who obtained a patent to the 320 acre tract in 1882 from the State of Louisiana.

The heirs of Nathaniel Vincent, who was a son of Simeon, alleged that Nathaniel " * * * acquired this property at administrator's sale from and through the succession of Simeon Vincent on November 17, 1888, which sale was held pursuant to an order of court rendered on October 4, 1888, which deed and procès verbal of sale are not presently of record in either of the parishes of Calcasieu or Cameron if they were ever recorded in the Conveyance Records of said parishes." They also pleaded the acquisitive and liberative prescriptions of 30 years.

The heirs of Josephine Vincent Wing, who was a daughter of Simeon and a sister of Nathaniel, claim ownership by inheritance from the common ancestor, they contending that there is no evidence of the administrator's sale relied on by their opponents. (There appear to be numerous other heirs of Simeon Vincent—heirs of children other than Josephine and Nathaniel—who are not contesting the one-tenth interest involved in this proceeding.)

The district court, after trial, rejected the demands of the heirs of Nathaniel Vincent and rendered judgment in favor of the heirs of Josephine Vincent Wing. The former, thereupon, requested and obtained this devolutive appeal.

Appellants do not urge that we presently recognize them to be the owners of the disputed interest. Admitting that the transcript of this appeal is inconclusive and inadequate on the crucial question of whether Nathaniel Vincent purchased the property in 1888 at the succession sale of Simeon Vincent, they request only that we remand the case so as to permit the introduction of new and additional evidence (such as was not available when the case was originally tried) bearing upon the alleged administrator's sale. Thus, to quote from the brief of their counsel, they say: "The critical issue in this case * * * is whether appellants' ancestor, Nathaniel Vincent, purchased the disputed property in 1888 at the succession sale of his father, Simeon Vincent. * * *

\* \* \* \* \* \*

"Since the evidence on the crucial issue in this case is so inconclusive and incomplete * * * the brief which follows will be devoted entirely to the appellants' motion to remand this cause. In the present inadequate state of the record appellants cannot conscientiously urge this Court to reverse the district judge's decision on the merits.

"By the same token, it is submitted that in the interest, and so as to prevent a miscarriage, of justice in this case appellants' motion to remand should be granted for the purposes stated therein."

■ Under the authority of Code of Practice Article 906 we can and do remand cases for the introduction of additional evidence when we feel that by such action the ends of justice would best be served. Succession of Addison, 212 La. 846, 33 So.2d 658; Reich v. Grieff, 214 La. 673, 38 So.2d 381; United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., Inc., 214 La. 928, 39 So.2d 422; Dietz v. Dietz, 227 La. 801, 80 So.2d 414. In the instant cause we experience a feeling of that nature; and, for the reasons hereinafter set forth, appellants' motion to remand will be granted.

■ The record before us discloses that Simeon Vincent was a resident of and owned other property in Calcasieu Parish, and that his succession was opened in the district court there. In 1910 the Calcasieu Court House burned, destroying all of the Calcasieu Parish public records. Hence, if an administrator's sale of the disputed property to Nathaniel Vincent occurred in the succession proceedings of Simeon Vincent, as appellants have alleged, the public record thereof was destroyed by the fire. And, as a result, appellants became entitled to produce secondary evidence, if they could, to establish the existence of their asserted title. Revised Civil Code Article 2279; Willett v. Andrews, 106 La. 319, 30 So. 883; Babington Bros. Limited v. Barber, 124 La. 1042, 50 So. 844; Grotevant v. Dorrestein, 152 La. 734, 94 So. 372; and Little v. Barbe, 195 La. 1071, 198 So. 368.

Some of the new and additional secondary evidence proposed to be introduced by appellants on a remand of the case are the following items:.

1. The original patent to Simeon Vincent, the reverse side of which contains this notation in the handwriting of the administrator of Simeon's succession:—"S. Vincent to N. Vincent in Cameron.";

2. A written acknowledgment executed in 1942 by appellees (or their ancestors in title), in connection with property other than that involved

here, that "the succession of Simeon Vincent was fully and completely administered in the Probate Court of the Parish of Calcasieu during the year 1888, in the course of which proceeding, No. 577 upon the docket of that court, all assets of the succession, both movable and immovable, were sold at public sale and the succession proceeding finally closed after the homologating of the account of the administrator and a proper distribution of the remaining proceeds of such sale amongst the heirs";

3. A disclaimer of interest affecting the property here in controversy signed in 1945 by numerous heirs of Simeon Vincent (other than these appellees or their ancestors) in favor of appellants;

4. Testimony of a person who allegedly attended the administrator's sale;

5. Testimony of an heir, who would profit in the same fashion as these appellees if the alleged sale is not recognized, that he had signed the disclaimer in 1945 because he knew the property belonged to Nathaniel Vincent, his mother and Nathaniel having told him of the sale;

6. Evidence of admissions against interest by various other heirs of Simeon Vincent.

In examining and making reference to this new and additional evidence which appellants propose to introduce we are not passing upon its weight, nor have we considered whether its introduction will necessarily change the result originally reached by the district court. With respect to the motion to remand, our duty is merely to determine whether there is a strong possibility that the introduction will cause a change in the original conclusion. After considering the proposed new and additional evidence we are of the opinion that it, if not contradicted or its effect rebutted, might well justify the mentioned change. Consequently, in the interest of justice the cause will be remanded for the purpose of receiving from both appellants and appellees further evidence bearing on the alleged administrator's sale of 1888, it, of course, to be relevant, material and otherwise admissible. After the hearing the district judge will render such judgment as the law and evidence warrant.

For the reasons assigned the judgment appealed from is set aside and the cause is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed. Costs of this appeal shall be paid one-half by appellants and one-half by appellees. All other costs shall await the final determination of the litigation.