AYRES, Judge.
By the provisions of a written “Agency Agreement” of March IS, 1954, plaintiff designated and appointed Morrow-Ratcliff Mutual Insurance Agency, composed of defendant and one Allen Ratcliff, as its agent for the purpose of receiving and accepting proposals for contracts of insurance, covering such risks as it was empowered to make, on properties located in Bossier City and vicinity. Full authority was conferred upon the Agency to collect, receive and receipt for the premiums on insurance tendered by the Agency to plaintiff and to retain out of the premiums so collected the commissions earned by the Agency. It was stipulated, however, that the Agency would refund to the Company the commissions on canceled insurance contracts and on reductions in premiums at the rate at which such commissions were originally retained.
By mutual consent, the Morrow-Ratcliff Mutual Insurance Agency was dissolved as of April 13, 1955. Plaintiff alleges that on this dissolution the insurance contracts theretofore written by the Agency were divided or apportioned between the two members of the former partnership; that those allotted to Ratcliff were continued in full force and effect but that those allotted to the defendant, Aleñe Morrow, were canceled, and that by virtue of which cancellation there was due plaintiff as unearned commissions the sum of $440.38, which had been originally retained by the Agency. On account of the alleged allotment of policies between Ratcliff and Morrow and that Mrs. Morrow received and retained the commissions thereon, plaintiff seeks to recover from her alone the aforesaid allegedly unearned commissions, the amount of which was calculated upon the premiums as would have been earned upon the policies for the period of their cancellation had no cancellations been effected.
Defendant denied generally plaintiff’s allegations and disavowed any indebtedness to plaintiff. After trial, there was judgment rejecting plaintiff’s demands, and it has appealed.
Logically, we should first consider the nature of defendant’s alleged liability. It was correctly conceded that the Insurance *252 Agency, of which defendant was a member, was an ordinary partnership. As a member of such partnership, her liability is governed by the provisions of LSA-C.C. art. 2873, which reads as follows:
“Art. 2873. In the ordinary partnership, each partner is bound for his share of the partnership debt, calculating such share in proportion to the number of the partners, without any attention to the proportion of the stock or profits each is entitled to.”
Next, consideration should be given to the evidence as was introduced. No evidence was offered to establish any indebtedness on the part of the partnership. There is, therefore, no showing as to defendant’s virile portion of a partnership obligation. Neither was there any proof of any division or allotment of insurance contracts made between the partners on the dissolution of the partnership, nor that defendant individually had retained or received the Agency’s commission from any insurance contracts. The act of dissolution makes no mention of such an arrangement.
Plaintiff only offered the testimony of one Kenneth Briegel, an executive special agent of the plaintiff for the States of Louisiana and Arkansas. His testimony pertained to the amount of the claimed indebtedness. This witness, however, had no personal knowledge of the facts to which he testified. His knowledge was limited to the contents of records supplied by his home office, the correctness of which was never established. Neither the correctness nor authenticity of the documents having been established, neither the documents nor the witness’s testimony based thereon was admissible under objections that the testimony was a mere expression of opinion or conclusion of the witness and that the documents were not the best evidence and constituted hearsay. The trial court admitted the testimony and offering subject to the objections made, but, upon consideration of the case, the evidence offered was properly rejected. It is, therefore, obvious that plaintiff has failed to establish any of its aforesaid contentions by legal and competent evidence.
In this court defendant has filed and urges an exception of no cause or right of action predicated upon the contention that she is-a married lady; that, if any indebtedness exists, it is a community obligation of the-community of acquets and gains of which her husband is the head and master, and for which obligation she is neither personally nor individually liable. In view of the conclusions reached, the necessity of taking-notice of or giving consideration to this-exception no longer exists.
While the judgment appealed rejected and dismissed plaintiff’s demands,, under the facts and circumstances of this-case, as hereinabove detailed, we are of the-opinion that plaintiff’s demands should have-been rejected as of non-suit. An amendment will accordingly be made.
Accordingly, the judgment appealed is-amended by the rejection of plaintiff’s demands as' of non-suit, and, as amended, is-affirmed.
Amended and affirmed.