AYRES, Judge.
Concerned in this appeal is the title to certain-described real and personal property of the succession of Burl Oliver Hilton, deceased. Plaintiff, Raymond Burl Hilton, asserts ownership of the property by inheritance as the adopted son of the decedent. Defendants, who also claim title to the property by inheritance from the decedent, are his two sisters, five nephews, and two nieces.
The defendants denied plaintiff’s adoption. The questions presented relate to the admissibility of parol evidence to establish the execution of a written act of adoption which was not produced, ostensibly because of its loss or destruction. Defendants contend plaintiff has not accounted for the loss or destruction of one of the triplicate copies which the record shows plaintiff claims were executed.
The trial court concluded that the proof offered established a real and diligent effort had been made on plaintiff’s part to locate the act of adoption without avail, and, therefore, that parol evidence was admissible to prove that an act of adoption had been executed. The court further concluded that the evidence was sufficient to establish that the adoption had in fact been made. Hence there was judgment recognizing plaintiff as the sole and only heir of the decedent and, as such, decreeing him the owner of the property in contest and placing him in possession thereof. From'a- judgment thus rendered and signed, the defendants, including the curator ad hoc, appealed.
Plaintiff, Raymond Oliver Hilton, was born January 9, 1923, at the Shreveport Charity Hospital of an unwed mother. Burl Oliver Hilton and his wife, Jessie Mae Hilton, after consultation with appropriate *334 agencies and officials, decided to adopt the child. John F. Phillips, a lawyer and notary public, was employed by Hilton and his wife to effectuate the adoption. According to the testimony of Mrs. Hilton, Phillips prepared the adoption proceedings and went with her and her husband to the Charity Hospital where they and the child’s mother executed the act of adoption before Phillips as notary public and in the presence of a doctor and nurse who signed as witnesses.
An adoption under the law in effect at that time, Act 31 of 1872, could be by notarial act where the adopting parents were above 21 years of age and the adopted person less than that age.
According to Mrs. Hilton, she and Mr. Hilton were furnished a copy of the act of adoption and the Charity Hospital, another. The third copy was said to have been retained by Phillips. That the copies furnished Mr. and Mrs. Hilton and the hospital were lost or destroyed was amply established. A thorough but unsuccessful search was made of the hospital records. Several years after the adoption, Mr. and Mrs. Hilton were separated and eventually divorced. Fie retained custody of the son, and subsequently remarried. No one knew the whereabouts of the copy of the act of adoption furnished these adopting parents.
This condition, however, did not prevail as to the copy of the act of adoption retained by the attorney. Plaintiff testified that, while making an investigation and a search for the act of adoption, he learned that Phillips had served as Mr. and Mrs. Hilton’s attorney in the preparation and execution of the act of adoption. On interviewing Phillips, who was of an advanced age and retired, plaintiff obtained from him, also, information that Phillips represented Mr. and Mrs. Hilton as their lawyer in the preparation of the act of adoption and acted as notary public in its execution. Phillips assured plaintiff that he had, in his files at his residence, a copy of the act of adoption. However, because of his illness, as well as his age and the heat of the summer, Phillips was not able to search his files and obtain the copy for plaintiff. Soon thereafter, Phillips died.
Plaintiff’s investigation disclosed, also, the probable deaths of the witnesses to the act of alleged adoption. The natural mother could not be located.
The best-evidence rule requires that the highest degree of proof of which a case from its nature is susceptible must, if accessible, be produced. LSA-C.C. Art. 2279; Magnolia Petroleum Company v. Boudreaux et al., 233 La. 409, 96 So.2d 650; Breaux v. Laird et al., 230 La. 221, 88 So.2d 33, 40.
The best evidence in this case would have been the original act of adoption. The next best evidence would be a copy of the original. Such a copy, if accessible, should be produced and placed in evidence before a resort is made to parol evidence to establish the execution of a written instrument allegedly lost or destroyed. Parol evidence of the execution and contents of a written instrument is secondary not only to the original but to a copy of such instrument.
While any instrument which has been lost or destroyed may be established by secondary evidence, parol evidence is admissible only where the original and copies, of the instrument are lost or have been destroyed. LSA-C.C. Arts. 2279 and 2280; Lyons et al. v. Goodman, La.App. 1st Cir., 1955, 78 So.2d 424. This rule applies, as pointed out in the Lyons case, to the proof of the execution and contents of an act of adoption.
However, as heretofore pointed out, the copy of the act of adoption retained by the attorney in his files has not been shown to be lost or to have been destroyed. To the contrary, the proof establishes the possibility of the existence and accessibility of such a copy. It may be appropriate to observe here that during oral argument neither counsel voiced any real opposition to a remand of *335 the case to permit a search for and, if found, the introduction in evidence of the copy of the purported act of adoption retained in the lawyer’s files.
We may further observe that, while from a review of the evidence contained in the record we, experienced no misgiving as to the effect given such evidence by the trial court, we are concerned with the propriety of first considering such evidence before the requisite foundation has been established for its introduction.
Noted, also, is defendants’ contention that nowhere does the record establish Hilton’s age to have exceeded 21 years at the time of plaintiff’s adoption, as required by the statute then in effect. On remand, the record may be supplemented to supply the deficiency.
For the foregoing reasons, the judgment appealed is annulled and set aside; and
It is now, Ordered, Adjudged, and Decreed that this cause be, and it is hereby, remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, and ordered reopened for the introduction of additional evidence as to the existence vel non of a copy of the purported act of adoption retained in the files of the late John F. Phillips, and, if found, for its introduction in evidence, as well as evidence of the age of Burl Oliver Hilton at the time of the alleged adoption of plaintiff, Raymond Burl Hilton; that, after the introduction of such evidence, the court, on giving consideration to all the evidence in the record, proceed to determine the issues and to render such judgment thereon as the evidence and the law warrant, as well as to fix the curator’s fee.
Dcfendants-appellants are taxed with the cost of this appeal, the taxation of all other costs to await final judgment of the trial court.
Annulled, set aside, and remanded.