McBRIDE, Judge.
On September 17, 1962, a large storage tank located in Gretna, Parish of Jefferson, collapsed, and as a result of said incident its contents, consisting of blackstrap molasses, spewed out over the adjacent property and allegedly caused damage to certain barges under construction by Gretna Machine & Iron Works, Inc., which jointly with its builder’s risk insurer and partial subrogee brought suit to recover damages in solido from Southwestern Sugar & Molasses Company, Industrial Molasses Corporation and National Molasses Company, the alleged owners of the tank, and also against Southern Pacific Company, which is alleged to be the owner of the land upon which the tank was located.
The Southern Pacific Company filed a motion for a summary judgment solely supported by the affidavit of said corporation’s Claims Agent, which sets forth that the land of Southern Pacific Company on which the tank was located is under lease to Southwestern Sugar & Molasses Company for a term of twenty years; that the tanks located on said leased premises were constructed by the lessee or its assignees and used and maintained by them “without Southern Pacific’s having any control, management or responsibility therefor.”
The motion was sustained, and, accordingly, a summary judgment was rendered in favor of Southern Pacific Company dismissing plaintiffs’ suit insofar as said defendant is concerned; plaintiffs have appealed.
In their briefs and arguments counsel for both sides make much ado whether LSA-C.C. art. 667 or arts. 670 and 2322 apply. *56 We find it unnecessary to discuss any substantive codal law in connection with this appeal. Summary judgments are authorized by LSA-C.C.P. art. 966 and the procedure therefor is outlined therein. LSA-C.C.P. art. 967 provides in part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would he admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * (Italics ours.)
The affidavit, the predicate for the summary judgment, does not conform to said requirements in that the recitals set forth therein as to what are the stipulations of the lease and the lessor’s obligations and responsibilities thereunder would be inadmissible evidence were the case on trial, for the simple reason the witness would be held incompetent to express his appreciation of the verbiage of the lease and his opinion that the Southern Pacific Company had no “control,” “management,” or “responsibility” for the tank or the maintenance or operation thereof which is a conclusion of law. The lease was never tendered in evidence. What counsel for Southern Pacific Company are endeavoring to do is to have its Claims Agent prove the contents of a written document by parol and to give his opinion as to the legal effects to be attached thereto. The lease itself would stand as the best evidence of its contents and the trial judge alone is endowed with authority to construe the contract. This is clearly a case where a summary judgment was rendered on incompetent and inadmissible evidence. The law is plain that witnesses are to state facts and not opinions. See Dart’s New Louisiana Digest, Vol. 19, “Witnesses,” § 90.
In Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, Syllabus 10 reads as follows:
“Where written documents are relied on in support of motion for summary judgment, they must be exhibited in full and statements of substance of written instruments or of affiant’s interpretation of them or of mere conclusions of law or restatement of allegations of pleading are not sufficient. Federal Rules of Civil Procedure, rule 56(c, e), 28 U.S.C.A. following section 723c.”
Counsel neither cited nor alluded to Tunnage v. Eddy, La.App., 42 So.2d 382, decided by the late Court of Appeal for the Parish of Orleans, the opinion in which case was written by Judge Janvier and participated in by two of the judges on the instant panel. We direct counsel’s attention to said case.
The summary judgment appealed from is reversed, and the motion therefor is dismissed at mover’s cost, and the matter is remanded to the trial court for further proceedings in accordance with law; Southern Pacific Company is to pay all costs of this appeal.
Reversed and remanded.