169 So.2d 574 (1964)
Mrs. Monty TYLER, Wife of/and John F. GRANT
v.
TOURO INFIRMARY, New Amsterdam Casualty Company & Hardware Mutual Casualty Company.
No. 1573.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
*575 Frank J. D'Amico and Anthony J. Vesich, Jr., New Orleans, for plaintiffs-appellants.
Walter M. Barnett, Leonard B. Levy, Moise Dennery, Morris Wright, New Orleans, for defendant Touro Infirmary.
Lemle & Kelleher, Carl J. Schumacher, Jr., David L. Campbell, New Orleans, for defendant New Amsterdam Cas. Co.
Before REGAN, CHASEZ and HALL, JJ.
CHASEZ, Judge.
Mrs. Monty Tyler, wife of/and John F. Grant, brought suit against Touro Infirmary, Touro Infirmary's insurer, Hardware Mutual Casualty Company and New Amsterdam Casualty Company, insurer of Dr. Abe Golden. The suit is for damages which were allegedly sustained on January 2, 1962, when Mrs. Grant was operated on by Dr. Golden in Touro Infirmary with assistance of the hospital's personnel, and a sponge was allowed to remain in her body. Touro Infirmary filed an exception of no cause of action and a motion for a summary judgment based on the doctrine of charitable immunity, which was overruled by the trial judge. Since the motion and exception were overruled, no appeal lies and the issue is not before us.
Touro Infirmary subsequently, on March 25, 1964, filed a second motion for summary judgment contending that under the law of Louisiana all personnel in the operating room are employees of the surgeon. In support of the motion the affidavit of William H. Hermann, Director of Touro Infirmary, was submitted. It represented that Mr. Hermann was familiar with the operation performed on plaintiff; that Dr. Abe Golden was not in the employ of Touro Infirmary but had been hired directly by *576 plaintiff; that Dr. Golden used the operating room of Touro Infirmary, and the nurses and other operating personnel were made available to him; and that the nurses and operating personnel were under the complete control of Dr. Golden during the course of the operation.
Touro Infirmary in its memorandum in support of the motion placed heavy reliance on the case of Jordan v. Touro Infirmary, 123 So. 726 (La.App.1922). The Jordan case also involved a mishap in the operating room. There the Court, after considering the evidence, stated that the nurses were under the orders of the surgeons in the operating room and were in no manner controlled by the officers of the hospital; it concluded that the nurses were pro hac vice the servants of the surgeon. Since the surgeon was employed by the plaintiff the Court held the hospital could not be responsible. The finding of the Court in Jordan relative to the control of the nurses was a finding of fact and not of law.
The plaintiffs directed interrogatories to Touro Infirmary subsequent to the filing of Touro Infirmary's motion for a summary judgment. Touro Infirmary objected to certain interrogatories; they also moved for an extension of time to answer the interrogatories, which was granted. The hearing on the motion for summary judgment and the objections to the interrogatories were both set and held on April 10, 1964. The plaintiffs did not file counter-affidavits or otherwise offer evidence in opposition to Touro Infirmary's motion for summary judgment. On April 17, 1964, judgment was rendered in favor of Touro Infirmary dismissing it from the suit and relieving it from answering the interrogatories.
Between the time of the hearing of the motion and the signing of the judgment, Touro Infirmary and New Amsterdam Casualty Company, took the depositions of Dr. Abe Golden, the operating surgeon, Dr. Irving Levin, an observing physician, and a nurse who assisted during the operation. Plaintiffs' counsel did not attend the taking of these depositions and states in his brief that he notified defendants' counsel that he would not be able to attend because he was engaged in the trial of another matter on the day the depositions were taken.
The plaintiff thereafter filed a timely motion for a new trial. He contended that the judgment in favor of Touro Infirmary was contrary to the law and the evidence; that the Court erred in relieving Touro Infirmary from answering the interrogatories propounded by the plaintiffs; that the affidavit of Mr. Hermann was not sufficient to base summary judgment on and that the depositions which were taken of Dr. Golden, Dr. Levin and the assisting nurse, disclosed many genuine issues of material fact. The trial judge overruled the motion for a new trial. The plaintiffs thereafter filed a petition for this appeal.
Touro Infirmary subsequently caused the depositions of Dr. Golden, Dr. Levin and the assisting nurse to be introduced into the record, no opposition being made thereto by any of the parties. All parties in their briefs and oral argument relied heavily on the contents of the depositions.
Summary judgment is a procedural vehicle for properly disposing of an action in the interest of justice where there is no genuine issue with respect to any material facts. Wilkinson v. Husser, 154 So.2d 490 (La.App.1963). It should be sparingly applied and used only in a proper case, for the judgment rendered on the motion is a final judgment which will support a plea of res judicata. The burden of proof is heavily upon the mover and all doubt should be resolved against him. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963). If there is any doubt about there being a material issue of fact, a trial on the merits is to be preferred. We are aware that there are cases which state that if uncontroverted affidavits are submitted in support of the motion for summary judgment it may be properly maintained. See *577 Rushing v. Weyerhaeuser Company, La. App., 144 So.2d 420; Goodart v. Maryland Casualty Company, La.App., 139 So.2d 567. There is no doubt in our minds that the trial judge followed this rule when granting the summary judgment. The rule of the above cases is not questioned; however, there are circumstances under which it would be grossly inequitable to apply them.
In this case had the plaintiff's interrogatories been answered they may have disclosed information upon which plaintiff could have opposed the motion. A litigant should have every opportunity to use discovery procedures, especially in a technical case of this kind where the circumstances are known only to the defendants. The plaintiffs herein in their interrogatories were ascertaining such facts as the names of the nurses assisting the doctors in the operation involved and their supervisor. These answers may have substantially aided plaintiff and this conclusion is borne out by the contents of the depositions to which this Court has been exposed. These depositions indicate that one of the nurses engaged in the counting of the sponges left the operating room on a coffee break and another nurse took her place. The evidence of Dr. Golden, the surgeon who performed the operation, indicates that the defendant, Touro Infirmary, maintained some authority and control over the personnel assigned to him in the operating room. Since the damage claimed by the plaintiffs was the result of the failure to remove a sponge and it became necessary for plaintiff, Mrs. Monty Tyler Grant, to submit to an operation approximately a year later for its removal, it is apparent that there is a material issue of fact extant here and that if plaintiffs are given an opportunity to present evidence to establish it, they may be able to do so.
From the record before us, we believe this to be a proper case for the application of LSA-C.C.P. art. 2164, which gives this Court authority to remand in the interest of justice so that a just and proper judgment may be rendered. The Courts have in prior cases exercised this discretion before rendering a judgment on the merits. In Magnolia Petroleum Company v. Boudreaux, 233 La. 409, 96 So.2d 650, it was stated:
"Under the authority of Code of Practice Article 906 we can and do remand cases for the introduction of additional evidence when we feel that by such action the ends of justice would best be served. Succession of Addison, 212 La. 846, 33 So.2d 658; Reich v. Grieff, 214 La. 673, 38 So.2d 381; United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., Inc., 214 La. 928, 39 So.2d 422; Dietz v. Dietz, 227 La. 801, 80 So.2d 414. In the instant cause we experience a feeling of that nature; and, for the reasons hereinafter set forth, appellants' motion to remand will be granted."
* * * * * *
"In examining and making reference to this new and additional evidence which appellants propose to introduce we are not passing upon its weight, nor have we considered whether its introduction will necessarily change the result originally reached by the district court. With respect to the motion to remand, our duty is merely to determine whether there is a strong possibility that the introduction will cause a change in the original conclusion. After considering the proposed new and additional evidence we are of the opinion that it, if not contradicted or its effect rebutted, might well justify the mentioned change. Consequently, in the interest of justice the cause will be remanded for the purpose of receiving from both appellants and appellees further evidence bearing on the alleged administrator's sale of 1888, it, of course, to be relevant, material and otherwise *578 admissible. After the hearing the district judge will render such judgment as the law and evidence warrant."
We think that this rule should apply to a motion for summary judgment in a proper case for it has the same result as a judgment on the merits. We are certain from the argument presented to this Court, both oral and in briefs, that if this case is not remanded to the trial court for the presentation of additional evidence relating to a material issue of fact an injustice may be done. In the interest of justice, this Court will not predicate its judgment herein on technical rules where it is probable that a contrary result might be reached.
For the reasons assigned, the judgment is annulled and set aside and the case is remanded to the District Court for further procedure according to law.
Annulled, set aside and remanded.