SAMUEL, Judge.
Plaintiff filed this suit against the Louisiana State Bond and Building Commission, the Board of Advisors of Louisiana State University, Wilson P. Abraham, Trinity Universal Insurance Company and A. B. Broussard & Sons, Inc., seeking a judgment against those defendants, in solido, in the amount of $20,835 and the additional sum of $2,083.50 as 10% attorney’s fees.
The petition alleges: Abraham, as general contractor, entered into a prime contract with the defendant Commission for the construction of a library and classroom building on land leased to the L.S.U. Board for use by LSUNO in the City of New Orleans. Trinity executed a faithful performance and payment bond for Abraham *746 in connection with the prime contract. Broussard entered into a subcontract with Abraham and subsequently, as subcontractor, Broussard entered into an agreement with plaintiff for the furnishing of materials and performance of work, including glass, glazing and installation, as required by tile prime contract, for the price of $20,835. Plaintiff furnished all materials and performed all work in accordance with its agreement with Broussard and completed all work in accordance with the plans and specifications and other contract documents. But plaintiff never has received payment of the whole or any part of the $20,835 due to it, has employed counsel, made amicable demand without avail and filed this suit, thus entitling it to the additional sum of $2,083.50 as 10% attorney’s fees under LSA-R.S. 38:2246.
The Commission filed an answer denying liability; the L.S.U. Board filed exceptions of no right or cause of action; Abraham and Trinity filed an exception of vagueness and Trinity also answered, denying liability, and filed a third party petition against Abraham alleging an indemnity agreement with that defendant and alternatively praying for judgment over against Abraham in the amount of any judgment which might be rendered against Trinity and for attorney’s fees; Broussard filed an answer denying liability and later filed a third party petition against Abraham and Trinity seeking judgment over against those third party defendants in the amount of any judgment which might be rendered against Brous-sard.
Plaintiff filed a motion for summary judgment against Abraham, Trinity and Broussard to which each of those defendants filed exceptions. Plaintiff later acknowledged its motion as against Abraham was premature under Code of Civil Procedure Art. 966, which permits filing of the motion by a plaintiff only after the answer has been filed, and did not ask for judgment against that party. Several exceptions were filed to the motion for summary judgment but, insofar as this appeal is concerned, the only exceptions now pertinent are those filed by Trinity and Broussard to an alleged improper service of the motion.
After a hearing on the motion the trial court .rendered a summary judgment in favor of plaintiff and against Broussard and Trinity, in solido, for the sum of $20,835, together with legal interest thereon and costs, and in favor of plaintiff and against Trinity for the sum of $2,083.50 as 10% attorney’s fees. Broussard and Trinity have appealed therefrom.
The only defendants now before this court are the appellants Broussard and Trinity. Those appellants make two contentions: (1) service of plaintiff’s motion for summary judgment was improper; and (2) the pleadings and the evidence received at the hearing on the motion were not sufficient to support rendition of a summary judgment.
Service of the motion for summary judgment was made by mailing copies thereof to counsel of record for the respective defendants. Appellants’ contention is that under the pertinent articles of the Code of Civil Procedure, particularly Articles 966, 1312, 1313 and 1314, service of such a motion must be made by the sheriff. But, in view of our conclusion as to appellants’ second contention, we find it unnecessary to decide the first. Assuming, but not deciding, that service of the motion by mail was proper, we are of the opinion that a summary judgment should not have been rendered on the pleadings and the evidence adduced in support of the motion.
Under Code of Civil Procedure Article 966 and the jurisprudence a summary judgment cannot be rendered if the pleadings, depositions and admissions on file, together with the affidavits, if any, fail to show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law; such a *747 judgment is not a substitute for a trial on the merits; the burden of proof is heavily upon the mover and all doubt should be resolved against him; and if there is any doubt about there being a material issue of fact, a trial on the merits is to be preferred. LSA-C.C.P. Art. 966; Kay v. Carter, 243 La. 1095, 150 So.2d 27; Grant v. Touro Infirmary, La.App., 169 So.2d 574; Wilkinson v. Husser, La.App., 154 So.2d 490.
On the trial of the motion in the instant case appellants did not offer any evidence. Plaintiff offered two affidavits by the president of the plaintiff corporation and one affidavit by its vice president, to which were annexed copies of two letters which the affidavits state were written by Abraham and constitute an admission that the entire principal sum of $20,835 is due. Thus the question of whether or not a summary judgment should be rendered must be decided upon the pleadings, the three affidavits and the two letter copies; these documents constitute the only evidence in the record.
Paragraph 9 of plaintiff's petition alleges a plaintiff agreement with Broussard, as a subcontractor, “for the furnishing of certain materials and performance of certain work, including certain glass and glazing and the installation of certain aluminum doors, as required by the prime contract, for the price of $20,835” and further alleges, on information, that Broussard previously had executed a written subcontract with Abraham. Paragraph 10 of the petition reads as follows: “Plaintiff furnished all material and performed all work in accordance with the terms and conditions of plaintiff’s agreement with defendant Brous-sard, and plaintiff completed all work in accordance with the plans and specifications and other contract documents. * * ” Trinity’s answer denies both paragraphs 9 and 10 of plaintiff’s petition. Broussard’s answer admits paragraph 9 but avers the contract is the best evidence of its contents and denies paragraph 10.
With only two exceptions the affidavits by plaintiff’s president and vice president amount to nothing more than verification of the allegations contained in plaintiff’s petition. Those exceptions are: (1) a statement that the principal amount claimed by this suit and the claimed attorney’s fees remain due; and (2) a statement that Abraham has admitted orally and in writing that the principal sum of $20,835 is due as shown by the copies of his two letters annexed to and made part of the affidavits.
We find no necessity for a detailed discussion of the alleged Abraham letters annexed to the affidavits. Those letters do mention the sum of $20,835 and state a check in that amount has been placed with Abraham’s attorney to pay for the work plaintiff performed on the job here involved ; but they are also concerned with repair work necessary on two other jobs apparently done by plaintiff for Abraham and say that the check will be released when that repair work is completed. While-the statements contained in those letters probably are not a clear admission of liability by Abraham, assuming arguendo that Abraham did admit liability for the princi-. pal amount, such an admission would not be binding on either Trinity or Broussard; both would have the right to controvert an Abraham admission by proper proof supporting those averments in their answers which deny plaintiff’s allegation that it had furnished all material and performed all work in accordance with its agreement with Broussard and in accordance with the plans and specifications and other contract documents.
The denials of that allegation by the two appellants gives rise to a substantial issue with respect to a material fact for plaintiff’s right to collect the consideration of $20,835 provided in its agreement with Broussard apparently must depend upon a proper performance of its obligations under that agreement and possibly upon acceptance thereof by the owner. We use *748 the words “apparently” and “possibly” because the record does not contain any of the contract documents and a conclusion as to proper performance and acceptance cannot be reached in their absence. It was plaintiff’s obligation to introduce the contract documents upon which its claim is based. See Gretna Mach. & Iron Wks., Inc. v. Southwestern Sugar, etc., La.App., 166 So.2d 54, 56.
We are aware of jurisprudence to the effect that, under some circumstances, where uncontroverted affidavits are submitted in support of a motion for summary judgment the motion may be properly maintained; but we are of the opinion that the rule has no application here. See Grant v. Touro Infirmary, supra, 169 So.2d at p. 577. In view of the fact that an admission by Abraham is not binding and conclusive as to the appellants, the only evidence before us on the questions of performance and acceptance are the pertinent allegation in plaintiff’s petition and the denials of that allegation in appellants’ answers. The affidavits being nothing more than verifications of the petition’s allegation, they add nothing of consequence to plaintiff’s proof. Under these circumstances appellants were under no obligation to offer evidence supporting their denial of the plaintiff allegation ; such additional evidence might be required during a trial on the merits but this is only a motion for summary judgment.
We are of the opinion that the pleadings and the evidence fail to show that there is no genuine issue as to material fact and that plaintiff is entitled to a judgment as a matter of law.
For the reasons assigned, the summary judgment appealed from is reversed, the motion therefor is dismissed at mover’s cost and the matter is remanded to the trial court for further proceedings in accordance with law; plaintiff to pay all costs of this appeal.
Reversed and remanded.