BARNETTE, Judge.
The defendant, Clyde J. Marchand, has appealed from a judgment in favor of plaintiff, Southern Discount Company, Inc., in the amount of $339.24, plus interest, attorney’s fees and costs, representing the alleged balance due on two certain promissory notes given by defendant and held by plaintiff in due course. The defense rests upon a plea of discharge in bankruptcy.
The defendant admits the execution of two chattel mortgage notes to Barnett Home Appliance Corporation for certain furniture and household appliances purchased by him and his wife. The first note, in the principal sum of $525.74, was made and signed by both Mr. and Mrs. Marchand and is dated April 4, 1964. The second note, signed by Mr. Marchand only, in the principal sum of $296.17, was dated June 4, 1964. Both notes are payable in monthly installments and secured by chattel mortgage on the furniture and appliances purchased. There is no denial that both notes were given for community debts nor is there any issue over the alleged balance.
On September 28, 1965, the defendant filed voluntary bankruptcy proceedings in the United States District Court for the Eastern District of Louisiana and following an adjudication was discharged by order and decree of the court on December 18, 1965. The schedule of debts filed with the petition for bankruptcy included the debt due and owing “Barnett’s Furniture Store.”
The defense, based on a plea of discharge in bankruptcy, was met by the plaintiff with the allegation that defendant had obtained the credit represented by the notes upon intentionally false representation of material facts at the time the credit sale was approved and the notes accepted therefor. *647 More specifically, it contends that the statement was materially false in that it failed to include two other creditors to whom the defendant owed in the aggregate approximately $4,000 at the time the statement was given. Plaintiff relies on the provisions of the Federal Bankruptcy Act, 11 U.S.C.A. § 35(a) (2).
In support of its position, the plaintiff produced a “Statement of All Debts” given by Mr. Marchand which, after listing four creditors and the amounts owed them respectively followed by an obviously incorrect total, concludes with the following:
“Total unpaid debts this date exclusive of any amount due the Max Burnett Furniture Co. Inc. amounts to $
“For the purpose of obtaining credit from Max Barnett Furniture Co. Inc. I, or we, have made the above statement which I, or we have carefully read and certify by my signature below on this instrument that it is true and correct exclusive of any amount due Barnetts.
“Signature Clyde J. Marchand Sr. Date 4/4/64.”
There is enough irregularity in the statement of debts to arouse a serious question as to whether or not Barnett’s was induced by a reliance thereon to extend credit to defendant; but a discussion of this question is not necessary in view of our opinion that plaintiff has failed to prove its case by a preponderance of legally admissible evidence.
Only two witnesses testified on trial below : the defendant, Clyde J. Marchand, and M. H. Newman, who identified himself as an employee of Barnett’s Home Appliance Corporation and also of Southern Discount Company, Inc. Mr. Newman was shown the defendant’s statement of debts and was asked if he relied upon it and approved the credit to defendant on the strength of it. He answered, “Completely and totally.” He then testified that after receiving notice of the petition in bankruptcy, he addressed certain letters to “various creditors” to which replies were received allegedly showing certain undeclared debts of defendant outstanding at the time the foregoing statement was given.
At this point counsel for defendant strenuously objected to the introduction of the replies to the letters in evidence contending they were hearsay. He insisted that the parties who allegedly wrote the replies be called to testify and the defendant be afforded the right of cross-examination, otherwise their alleged statements given to Mr. Newman would be the rankest hearsay. The letters were admitted into evidence over defendant’s objection.
Two identical letters were written for “Barnett’s” dated January 10, 1966, by M. H. Newman, “manager of credit sales,” addressed respectively to Western Auto and Family Finance. A caption identified defendant by name and address. The respective addressees were requested to indicate at the bottom of the letter the amount owed by defendant on April 6, 1964. The reply on the letter addressed to Western Auto indicates $330.14 and is signed “E. Bailey Cr. Clk.” The reply on the letter addressed to Family Finance indicates $3,750 and is signed “C. S. Weinstein.”
A schedule of debts filed with the bankruptcy petition in September, 1965, and about which defendant was cross-examined, includes an amount of $243 owed Western Auto; but the date the debt was incurred does not appear. Family Finance Company does not appear among the listed creditors. On cross-examination the defendant admitted owing Family Finance at an unspecified time for a loan obtained for the purpose of consolidation of debts. He did not admit that the loan was obtained in 1964, but that “it may have been.” There is no testimony of the principal amount of the loan or that it was made prior to April 4, 1964. The only evidence in the record before us is the alleged reply, over defendant’s objection, of C. S. Weinstein, whose identity is unknown, as follows: “There was due on April 6, 1964, the amount of $3,750.00.”
*648 Mr. Newman’s testimony that he wrote certain letters after receipt of notice of the bankruptcy proceeding’s, and his identification of the letters, was not violative of any rule of evidence. His testimony as to what the addressees told him in reply, whether orally or in writing, would indeed he rank hearsay This is not exactly the situation here, but rather plaintiff’s counsel agrees that Mr. Newman testified that he wrote the letters of inquiry to the named addressees and then proffered the letters so the court could read for itself (and not depend entirely on the word of Mr. Newman) the replies written at the bottom of the returned letters. But whether read into the record by Mr. Newman or the trial judge they are no less hearsay. Additionally they are in violation of the best evidence rule. Clearly the best evidence would have been the testimony of the persons who allegedly gave the information requested. They should have been called as witnesses to testify in the presence of the defendant and subject to cross-examination by him. Their ex parte statements were not admissible in the absence of a proper foundation for the admissibility of secondary evidence. No attempt was made to produce the alleged witnesses Bailey and Weinstein. No explanation is given for not calling them to testify. The judgment based entirely upon this inadmissible evidence cannot be maintained. Breaux v. Laird, 230 La. 221, 88 So.2d 33 (1956); Succession of Hilton, 165 So.2d 332 (La.App. 2d Cir. 1964); Santangelo v. North River Insurance Company, 144 So.2d 212 (La.App. 1st Cir. 1962); Sutherlin Sales Co. v. United Most Worshipful, etc., 127 So.2d 253 (La.App. 4th Cir. 1961) ; Merrimack Mutual Fire Insurance Co. v. Morrow, 100 So.2d 250 (La.App. 2d Cir. 1958) ; Daniels v. Union Oil Mill, 161 So. 614 (La.App. 2d Cir. 1935); 31A C.J.S. Evidence §§ 192, 193 b.
To overcome the discharge in bankruptcy, the burden of proof is upon the creditor to show that the debtor made false representations; that such were with the intention of defrauding the creditor; and that the creditor relied upon and was misled by the false statements or representations. X-L Finance Company v. Donaway, 195 So.2d 730 (La.App. 1st Cir. 1967) ; Feliciana Finance Company v. Bateman, 194 So.2d 781 (La.App. 1st Cir. 1967); Dial Finance Company v. Duthu, 188 So.2d 151 (La.App. 1st Cir. 1966).
The plaintiff here has relied entirely on two alleged replies to letters which are clearly not admissible in evidence. Without the purported evidence contained in these two inadmissible replies, the plaintiff failed utterly to carry the burden of proof which the law imposes upon it, particularly that the defendant’s statement of debts was false.
The judgment appealed from is reversed and there is now judgment in favor of the defendant, Clyde J. Marchand, against the plaintiff, Southern Discount Company, Inc., rejecting plaintiff’s demands and dismissing its suit at its cost.
Reversed and judgment rendered.