CHEHARDY, Judge.
Defendant, Rod Sohngen, appeals a district court decision on a motion for summary judgment rendered on May 5, 1980, in favor of plaintiff, Joseph R. La Rocca, and against the defendant in the sum of $1,098.74 in addition to legal interest from date of demand until paid and all costs of court.
Subsequent to that judgment the court denied defendant’s motion for a new trial on May 28, 1980. However, on June 13, 1980, the district court issued the following order:
“This matter came for hearing this day for trial on the merits, though earlier the Court rendered summary judgment in favor of the Plaintiff and thereafter denied motion for new trial.
“This Court had strong feelings following oral argument in May that the Plaintiff had not, in fact, carried the burden of proof and so stated in Open Court. However, while the case was under advisement this Court then considered the motives of the Defendant with respect to the fact that the check given for payment was returned ‘NOT SUFFICIENT FUNDS.’ Taking a case under advisement implies that the Court has not, in fact, made up its final determination as to the merits of the case and during this period of time that the Court took into consideration the NSF check and there *1290 after ruled in favor of the Plaintiff. In the opinion of this Court, no purpose is served by trying the case on the merits; therefore, the motion urged by Mr. Hattier is granted and the final judgment of this Court is reflected in its judgment of May 5th and remains undisturbed, and the Defendant’s time for appeal shall begin to run at the receipt of this order.”
Defendant argues on appeal that the trial court erred in finding that no genuine issue of material fact remained to be resolved based on the evidence put forth by the parties pursuant to plaintiff’s motion for summary judgment. We agree and reverse.
LSA-C.C.P. art. 966 states:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made, at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Additionally, LSA-C.C.P. art. 967 reads: “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be rendered against him.
“If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. “If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.”
In the case of Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980), the court also established that in deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. The court further noted that a motion for summary judgment must be granted when reasonable minds must inevitably conclude the mover is entitled to judgment on the facts before the court.
The plaintiff in the present case filed a petition to recover rent past due and rent due on the unexpired term of the lease, asking for damages in the amount of $1,333.50. The petition alleged the defendant had failed to pay the rental due on June 1, 1979 because the check issued by the *1291 defendant for that date was returned by the bank marked “NSF.” By the terms of the lease, therefore, the plaintiff alleged that all of the rent for the unexpired term of the lease was due from defendant. It was also alleged in the petition that the defendant violated the terms of the lease by causing the leased premises to suffer waste, injury and defacement in the form of holes in the walls, filthy carpets, and garbage and debris on the premises.
A review of a copy of the lease, signed by the parties of this lawsuit and included in the record before this court, reveals the defendant leased an apartment from the plaintiff for a term to commence on October 10, 1978 and to end on October 5, 1979, payable in equal monthly installments of $290 in advance on the first day of every calendar month during said term. The defendant, under the terms of the lease, also agreed, at the end of the said term, to quit and surrender the premises in as good order and condition as they were at the beginning of the term, reasonable wear and damage by the elements excepted.
The subject lease also states that in the event of termination of the lease, the tenant shall remain liable until the time when the lease would have expired for the equivalent amount of all the rent reserved in the lease, less the avails of reletting.
In his answer to the plaintiff’s petition, the defendant denied all of La Rocca’s allegations. In regard to the motion for summary judgment, the plaintiff filed an affidavit stating he had received an estimate from a professional painting contractor to repair the leased premises for $395 and further stating that he had repaired holes in the drapes, replaced light bulbs, replaced the shower rod, patched holes, and painted the premises. He also said he had incurred an additional expense of $40 in eradicating fleas therein. Also included in the record were copies of a painting estimate and a pest control bill in the amounts previously mentioned, as well as a copy of a letter sent by the plaintiff’s attorney to the defendant itemizing damages to the premises, informing him that he had forfeited his $275 dam* age deposit and demanding an additional damage payment of $173.50. Affidavits of the painting contractor and also those of Donna Lusignan and Julie J. La Rocca were also filed in connection with the plaintiff’s motion for summary judgment, attesting to the damages as sworn to by the plaintiff.
The defendant, on the other hand, filed a memorandum in opposition to the motion for summary judgment with supporting affidavits by himself, Ronald and Paula Suarez, Sharon Sohngen, and Lloyd Clark. It was stated that since the time he vacated the said premises, or immediately thereafter, the said rental premises were re-let and remained leased up until at least February 9, 1980 to Linda and Bob Henderson and later to John La Cause. Defendant further denied any damage to the apartment and itemized repairs which he had performed on the premises to make them more livable upon his leaving than when he moved into the apartment, and which included sealing of small holes in the walls, complete painting of the majority of the premises, and a complete cleaning of kitchen appliances. These statements were supported in the other affidavits filed by defendant with his own. Defendant and his wife also admitted by affidavit that they owned a pet, but attested that the animal was groomed and free of fleas.
Defendant, on May 2, 1980, also filed an amended answer stating that the “NSF” check was returned as such by the bank because it was negotiated prematurely by the plaintiff and that he only stopped payment on it after the filing of the present lawsuit. The defendant at that time also filed a reconventional demand asking for return of his damage deposit, rental security, statutory damages and $5,000 in damages.
Because of the totally conflicting statements made in the affidavits filed by the two parties in the present case, the issue of the condition of the premises, as well as the issue of whether the premises were leased to other parties (after the defendant vacated the apartment but during the lease term), both of which are certainly *1292 genuine issues as to material fact, have not been disposed of. For this reason, and because any doubt in this regard is to be resolved against the granting of summary judgment and in favor of trial on the merits (as noted in Sanders v. Hercules Sheet Metal, Inc., supra), the district court decision granting a summary judgment in favor of the plaintiff is reversed, and it is ordered, adjudged and decreed that this case is hereby remanded to the trial court for trial on the merits, costs to await the final disposition of this matter.
REVERSED AND REMANDED.