427 So.2d 665 (1983)
Theodore BALLARD
v.
Dr. Chemmale JAYAKRISHNAN.
No. 82-C-12.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Charles A. Boggs, Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
Plaintiff, Theodore Ballard, appeals from a Summary Judgment granted April 15, 1982, dismissing his suit against Dr. Chemmale Jayakrishnan for medical malpractice.
Appellant's original petition states two incidents as basis for his claim against Dr. Jayakrishnan: (1) that on January 23, 1980, the defendant examined plaintiff and failed to diagnose acute appendicitis (which condition required surgery on January 24, 1980), and (2) that defendant, on January 27, 1980, ordered the reinsertion of a nasogastric (Levine) tube and the attempts by a nurse to reinsert the tube resulted in plaintiff bursting his sutures, necessitating his return to surgery and extending his stay in the hospital.
*666 Defendant answered plaintiff's petition denying these acts or any fault or malpractice on his behalf. During the discovery process, through depositions, affidavits, and answers to interrogatories, it was established that Dr. Jayakrishnan had neither seen the plaintiff on January 23, 1980, nor ordered the reinsertion of the Levine tube on January 27, 1980. Rather, it was ascertained that Dr. Valakapalayam Devarajan had examined Mr. Ballard on January 23rd and that the attending surgeon, Dr. David Vial, had ordered the reinsertion of the Levine tube on January 27, 1980. It was also learned that Dr. Jayakrishnan and Dr. Devarajan were associated in a professional medical corporation.
After the above facts were uncovered, plaintiff filed an amended petition (on December 4, 1981) in which he sought to add Dr. Devarajan as a party defendant. Dr. Valakapalayam Devarajan answered this amended petition by filing an exception of prescription in that the actions complained of in plaintiff's petition took place on January 23 and 27, 1980, and Dr. Devarajan was not named as a defendant until December 4, 1981, almost two years after the alleged malpractice and well past the one-year prescriptive period for such claims.
It is of paramount importance that in neither plaintiff's original petition, nor his amended petition, did plaintiff name as a party defendant the professional medical corporation made up of the two physicians whom plaintiff seeks to sue. Of equal importance is that in neither petition did plaintiff allege that Dr. Devarajan was a subordinate of or in any way responsible to Dr. Jayakrishnan for his actions.
The appellant-plaintiff, in seeking a reversal of the Summary Judgment granted by the trial court, has based his entire argument on the premise that the appellee-defendant, Dr. Jayakrishnan, is the "equal partner" of Dr. Devarajan. The sole basis of the argument of the appellant that Dr. Jayakrishnan is the "equal partner" of Dr. Devarajan are Interrogatories 7 and 8 propounded by the appellant and the answers thereto by Dr. Jayakrishnan. However, the responses of Dr. Jayakrishnan clearly show that his medical practice is in the form of a professional medical corporation and that Dr. Devarajan is either an employee of or otherwise associated with that medical corporation.
Interrogatory No. 7: Were you associated, or in partnership, with any other medical practitioner at the time of the occurrences complained of in this action?
Answer to Interrogatory No. 7: Yes
Interrogatory No. 8: If so, state:
(a) The name, address, specialty and qualifications of a person with whom you were associated or in partnership.
Answer to Interrogatory No. 8(a): V.N. Devarajan, M.D., 924 LaGarde Drive, Luling, Louisiana, 70070. Internal Medicine and Nephrology.
Interrogatory No. 8(b): The nature of your business relationship to such persons.
Answer to Interrogatory No. 8(b): Professional Corporation-Associate.
Interrogatory No. 8(c): The terms and conditions of the relationship.
Answer to Interrogatory No. 8(c): Equal Partnership.
Interrogatory No. 8(d): The date you formed the relationship.
Answer to Interrogatory No. 8(d): 7-1-78.
Interrogatory No. 8(e): Whether any written agreement existed between you and your associates or partners, and, if so, the name and address of the person who has custody of the agreement.
Answer to Interrogatory No. 8(e): No.
In either case (Dr. Devarajan being an employee of the corporation or a participant therein), Dr. Jayakrishnan cannot be held responsible for the actions of Dr. Devarajan.
La.C.C.P. art. 966 and the jurisprudence thereunder state that a summary judgment can only be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no issue of material fact and that the mover is entitled to judgment as a *667 matter of law. Such a judgment is not a substitute for a trial on the merits and the burden of proof is heavily on the mover. All doubt should be resolved against him, and if there is any doubt about there being a material issue of fact, a trial on the merits is to be preferred. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981) Rehearing Denied; LaRocca v. Sohngen, 405 So.2d 1289 (La.App. 4th Cir.1981); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979); Brandt Glass Co. v. Trinity Universal Insurance Co., 172 So.2d 744 (La. App. 4th Cir.1965).
In the case before us, defendant's motion for Summary Judgment was supported by sworn evidence which proved that appellee, Dr. Jayakrishnan, did not commit the alleged acts of medical malpractice and was not responsible for the actions of Dr. Devarajan.
LSA-C.C.P. art. 967 states in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
At this point in the case at bar, the burden shifted to the plaintiff to prove that specific material facts were still at issue. However, appellant did not respond to defendant's motion for Summary Judgment in any manner. He failed to file any memorandum in opposition to the motion, filed no affidavits and did not even appear at the hearing on the Summary Judgment motion.
We agree with our brothers of the Third Circuit who, in Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir.1979), stated:
It is well settled in our jurisprudence that a plaintiff, when confronted with a Motion for Summary Judgment, may not rest on the mere allegations of his pleadings, but his response, by affidavits or other receivable evidence, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, Summary Judgment, if appropriate, shall be rendered against him.
In the present case, it is the opinion of this court that reasonable minds must inevitably conclude that the record does not state or suggest any facts upon which Dr. Jayakrishnan can be held liable for the alleged injuries sustained by the plaintiff.
Accordingly, for the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.