BOWES, Judge.
Plaintiff-appellant, Reverend Jules Thomas, Jr., appeals from a Summary Judgment granted by the district court on November 2, 1982, dismissing plaintiffs suit against defendants for nonpayment of benefits on a mortgage disability insurance policy taken out by appellant with appellees. We affirm.
On September 16, 1979, plaintiff, Rev. Jules A. Thomas, while in the course and scope of his employment for the Godchaux-Henderson Sugar Company, slipped and fell, sustaining an injury to his right shoulder. Following the accident, plaintiff was transported to St. James Hospital for treatment. Rev. Thomas was subsequently treated, first, by Drs. Albrecht and Levy and, finally, by Dr. Ralph J. Gessner. On November 20, 1979, Dr. Gessner first diagnosed Rev. Thomas’ injury as a rotated cuff tear of the right shoulder.
On October 4,1979, plaintiff made a written application for mortgage disability income insurance on a group policy issued by defendant Lincoln National Life Insurance Company to defendant Advance Mortgage Corporation. On the application for group disability income insurance, Rev. Thomas stated he was actively employed; that he was not disabled, receiving medical treatment or medication of any kind; that he had not consulted or been treated by any medical practitioner or been in a hospital, clinic or diagnostic facility during the past three years; and that he had not missed fifteen (15) or more consecutive work days in the previous twelve (12) months. There is no doubt that most, if not all, of these statements were inaccurate.
The learned trial judge, in his reasons for judgment, stated:
This Court does not find that Plaintiff intentionally made statements which he knew to be false on his insurance application with the defendant.
Because the trial judge’s finding above was in the plaintiff’s favor, we find it unnecessary to address any questions concerning plaintiff’s misrepresentations in his application for the policy in question.
Under the express provisions of the group mortgage disability income- insurance certificate issued by Lincoln National Life Insurance Company and effective December 1, 1979, disability beginning within 24 months of the effective date of the insurance and caused by or relating to an accident which caused the insured to consult a doctor for advice or treatment during the twelve (12) months prior to the effective date of the insurance was excluded from coverage.
*1304 Rev. Thomas’ answers to interrogatories and the deposition of Dr. Gessner positively establish that Rev. Thomas was disabled by an accident which occurred on September 16, 1979, well within the 12 month period prior to the effective date of the insurance and was treated by a physician for this accidental injury on that same date, prior to the effective date of the insurance.
A motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories and other documents in the record show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
This court recognizes that summary judgment is not a substitute for a trial on the merits and that the mover, to prevail in his motion, must carry a heavy burden of proof. Ballard v. Jayakrishnan, 427 So.2d 665 (La.App. 5th Cir.1983). However, we find, as did the trial judge, that the pleadings, depositions, and answers to interrogatories in this ease clearly show that there is no genuine issue as to material fact and that appellees, Advance Mortgage Corporation and Lincoln National Life Insurance Company, were entitled to summary judgment as a matter of law.
Accordingly for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are to be borne equally by both parties.
AFFIRMED AND AMENDED.